**MANNING CURTIS BRADSHAW**
 **& BEDNAR LLC**
David C. Castleberry [11531]
dcastleberry@mc2b.com
136 East South Temple, Suite 1300
Salt Lake City, UT 84111
Telephone (801) 363-5678
Facsimile (801) 364-5678

*Attorneys for Receiver, R. Wayne Klein*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br>v.<br><br>NATIONAL NOTE OF UTAH, LC, a Utah Limited Liability Company and WAYNE LaMAR PALMER, and individual,<br><br>Defendants. | **FEE APPLICATION FOR MANNING CURTIS BRADSHAW & BEDNAR, LLC FOR SERVICES RENDERED FROM APRIL 1, 2014 THROUGH JANUARY 31, 2015**<br><br>2:12-cv-00591 BSJ<br><br>The Honorable Bruce S. Jenkins |

In accordance with the Order Granting Receiver's Motion Seeking Authorization to Employ Manning Curtis Bradshaw & Bednar, LLC as Conflict Counsel, (the "Employment Order"),[1] Manning Curtis Bradshaw & Bednar, LLC, Conflicts Counsel ("MCBB") hereby submits its single and final Fee Application, seeking approval by the Court of fees and expenses incurred by MCBB for the period of April 1, 2014 through January 31, 2015 (the "Application Period"), and authorization to pay all authorized fees and expenses from unencumbered funds of

---

[1]   Docket No. 632.

the Receivership Estate.  MCBB is seeking approval of fees and expenses in the total amount of $35,371.94.

This Fee Application was provided to the United States Securities and Exchange Commission ("SEC") for review, comment and objection prior to filing.  The SEC has stated that it has no objection to relief sought herein.

In support hereof, MCBB states as follows.

## I.   BACKGROUND

1.   On June 25, 2012, this case was commenced by the SEC against Defendants Palmer and National Note in this Court.  The SEC alleges, among other things, that Defendants Palmer and National Note engaged in securities fraud and operated a scheme that took over $100 million from more than 600 investors.

2.   The SEC filed several *ex parte* motions on June 25, 2012, all of which were granted by the Court.  In particular, the Court entered the Receivership Order, appointing the Receiver and authorizing the Receiver to employ professionals to assist him with his duties.[2]

3.   On April 14, 2014, the Court entered the Order approving the Receiver's motion to authorize employment of MCBB for the limited purpose of serving as conflicts counsel to the Receiver in certain proceedings in which the Receiver's primary counsel is unable to represent the Receiver.[3]

4.   In accordance with the Receivership Order and the Employment Order, the Receiver employed MCBB as the Receiver's conflicts counsel.  MCBB had agreed to provide its

---

[2]   Receivership Order ¶ 58.

[3]   Docket No. 632.

services to the Receiver at reduced rates.

5.  MCBB has not entered into an any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

6.  During the present Application Period, MCBB has provided actual and necessary services for the benefit of the Receivership Estate which are set forth in greater detail below. MCBB respectfully submits that the fees and expenses requested in the Fee Application are reasonable and should be approved.

7.  As noted above, MCBB submitted the Fee Application to the SEC for review, comment and objection prior to filing. The SEC has informed MCBB that it has no objection to the fees and expenses as requested herein.

## II.    SERVICES PERFORMED

8.  During the Application Period, MCBB provided services to the Receiver in conjunction with its appointment as conflicts counsel in two cases. The resolution of these two cases has resulted in significantly more money for the Receivership Estate than MCBB is seeking in this fee application.

   A.  In the case of *Klein v. KeyBank Card Services et al.*, Case No. 2:13-cv-00589 (the "KeyBank Lawsuit"), MCBB substituted itself as counsel for the Receiver. In this case, the Receiver sought to recover transfers made to KeyBank from National Note for which National Note received no value. Soon after it was retained, MCBB met with counsel for KeyBank in an effort to obtain documents and information concerning the transfers at issue. When meetings with the defendants to obtain information on an

informal basis proved unsuccessful, MCBB issued written discovery requests to the defendants, and also issued subpoenas to third party banks who may have been involved in the transfers at issue. While the third-party banks provided some of the information sought by MCBB, the defendant banks, who were parties to the lawsuit, objected to the discovery requests issued by the Receiver. As a consequence, MCBB was forced to bring a motion to compel and a motion to extend discovery. After briefing and argument, the motion to compel was granted in favor of the Receiver. Once the Receiver received the documents and information requested from KeyBank, he moved the Court to allow him to amend his Complaint to add claims against two other banks, and this motion was again granted. Before the amended Complaint was allowed and served on the new defendants, MCBB had also prepared and served a Rule 30(b)(6) deposition notice on the defendants to preserve the Receiver's positions and claims in the event extra time for discovery was not allowed. After the Receiver served the amended Complaint, he negotiated a resolution regarding his claims in this case with the defendant banks before answers to the amended Complaint were filed. These settlements, in the amount of $33,683.00, were approved by this Court on December 29, 2014.[4]

   B.  In the case of *Klein v. AT&T Universal Card Services et al.*, case no. 2:13-cv-00590 ("AT&T Lawsuit"), the Receiver discovered that transfers at issue in this lawsuit may involve some of the same banks who were defendants in the KeyBank Lawsuit. MCBB researched issues regarding successor liability, and prepared and served summonses and the Complaint on the different entities identified by the Receiver and

---

[4] Docket No. 841. This amount includes monies paid by Citibank to settle both this matter and the AT&T matter discussed next.

MCBB. Ultimately, after serving the proper entities in this action and after engaging in settlement negotiations with the defendants, the Receiver was able to settle this dispute before an answer was filed by the defendants. This settlement was in the amount of $47,140.00, which settlement was approved by this Court on December 29, 2014.[5]

      C.     The settlements of the KeyBank Lawsuit and the AT&T Lawsuit case totaled $80,823.36. After these settlements were approved by the Court, the KeyBank Lawsuit and the AT&T Lawsuit were dismissed. With the resolution of the KeyBank Lawsuit and the AT&T Lawsuit, MCBB no longer has any active cases as conflict counsel for the Receiver in this matter.

### III.    BANK ACCOUNTS OF THE RECEIVERSHIP ESTATE

9.    The Receivership Estate currently has two bank accounts, designated as an "Operating Account" and a "Real Estate Account". The Operating Account holds funds that are free and clear of any interests—including the proceeds from these settlements, and as of January 31, 2015, this Account had a balance in the total amount of $1,354,225.59. The Real Estate Account holds the net sale proceeds that have been obtained from the liquidation of real property against which liens or ABIs have been recorded and not yet released or found invalid, and as of January 31, 2015, this Account had a balance in the total amount of $4,412,357.56.

10.    If the Court approves this Fee Application, the Receiver would pay the approved fees and expenses from the Operating Account. Given the amount requested, the Operating Account has sufficient funds to pay these fees and expenses.

---

[5] Docket No. 841.

### IV.     REQUEST FOR COURT APPROVAL OF FEES AND EXPENSES

11.     The Receivership Order provides, in relevant part, that:

> 59.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.
>
> 60.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.
>
> 61.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. . . .
>
> 62.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. . . .[6]

12.     MCBB respectfully requests that the Court enter an Order approving and authorizing payment from the Receivership Estate of the reasonable compensation and expenses outlined herein for the Application Period of April 1, 2014 through January 31, 2015 in the amount of $35,371.94. Because these cases are completed, MCBB does not expect to be requesting any further fees as conflict counsel for the Receiver in this case.

13.     This Fee Application is supported by Exhibit A, which contains detailed invoices describing the work performed by MCBB on a daily basis. The invoices have been redacted to

---

[6]     Receivership Order ¶¶ 59-62.

remove communications that are privileged or confidential. This Fee Application is also supported by Exhibit B, which is a spreadsheet outlining the total fees and expenses incurred by MCBB as conflicts counsel to the Receiver.

14. Of significance, MCBB has discounted its fees in the amount of $3,960.00 and discounted the expenses it has incurred in the amount of $499.29.

15. In compliance with ¶ 60 of the Receivership Order, the Fee Application, including the invoices in Exhibit A, was provided to the SEC and after review and comment; the SEC has no objection to the fees and expenses requested.

## V.   CONCLUSION

16. MCBB respectfully submits this Fee Application and requests that the Court enter an Order approving the actual and necessary fees and expenses incurred on behalf of and for the benefit of the Receivership Estate.

17. There are sufficient funds in the Operating Account to pay the fees and expenses requested herein.[7]

18. Thus, MCBB respectfully requests that the Court enter an Order approving this Fee Application, allowing the fees and expenses requested herein, and authorizing the Receiver's payment of the same. MCBB is seeking approval of fees in the total amount of $35,371.94.

19. A proposed Order is attached hereto as Exhibit C.

---

[7] *See supra* Part III.

DATED this 26th day of February 2015.

/s/ R. Wayne Klein

R. Wayne Klein
*Receiver*
(Electronically signed by David C. Castleberry with written permission from R. Wayne Klein)

DATED this 26th day of February 2015.

**MANNING CURTIS BRADSHAW & BEDNAR LLC**

/s/ David C. Castleberry

David C. Castleberry
*Attorneys for R. Wayne Klein, Receiver*

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing **FEE APPLICATION FOR MANNING CURTIS BRADSHAW & BEDNAR, LLC FOR SERVICES RENDERED FROM APRIL 1, 2014 THROUGH JANUARY 31, 2015** to be served in the method indicated below this 26th day of February, 2015, addressed as follows:

| | |
|---|---|
| \_\_\_ VIA FACSIMILE | Daniel J. Wadley |
| \_\_\_ VIA HAND DELIVERY | Alison J. Okinaka |
| \_\_\_ VIA U.S. MAIL | Paul N. Feindt |
| \_\_\_ VIA FEDERAL EXPRESS | Securities & Exchange Commission |
| \_\_\_ VIA EMAIL | 351 S West Temple, Ste. 6.100 |
| _x_ VIA ECF | wadleyd@sec.gov |
| | okinakaa@sec.gov |
| | feindtp@sec.gov |
| | *Attorneys for Securities and Exchange Commission* |

| | |
|---|---|
| \_\_\_ VIA FACSIMILE | Thomas M. Melton |
| \_\_\_ VIA HAND DELIVERY | Utah Attorney General's Office |
| \_\_\_ VIA U.S. MAIL | 160 E 300 S, Ste. 500 |
| \_\_\_ VIA FEDERAL EXPRESS | Salt Lake City, UT 84111 |
| \_\_\_ VIA EMAIL | tmelton@utah.gov |
| _x_ VIA ECF | *Attorneys for Securities and Exchange Commission* |

| | |
|---|---|
| \_\_\_ VIA FACSIMILE | First National Bank of Layton |
| \_\_\_ VIA HAND DELIVERY | 1601 N Hill Field Road |
| _x_ VIA U.S. MAIL | Layton, UT 84041 |
| \_\_\_ VIA FEDERAL EXPRESS | |
| \_\_\_ VIA EMAIL | |
| \_\_\_ VIA ECF | |

| | |
|---|---|
| \_\_\_ VIA FACSIMILE | Laura S. Scott |
| \_\_\_ VIA HAND DELIVERY | Parsons Behle & Latimer |
| \_\_\_ VIA U.S. MAIL | 201 S Main Street, Ste. 1800 |
| \_\_\_ VIA FEDERAL EXPRESS | P.O. Box 45898 |
| \_\_\_ VIA EMAIL | Salt Lake City, UT 84145-0898 |
| _x_ VIA ECF | *Attorneys for True & Marjorie Kirk Family Trust* |

\_\_\_ VIA FACSIMILE                Cameron M. Hancock
\_\_\_ VIA HAND DELIVERY            Sara N. Becker Jones
\_\_\_ VIA U.S. MAIL                Kirton McConkie
\_\_\_ VIA FEDERAL EXPRESS          P.O. Box 45120
\_\_\_ VIA EMAIL                    Salt Lake City, UT 84145-0120
_x_ VIA ECF                         chancock@kmclaw.com
                                    sbecker@kmclaw.com
                                    *Attorneys for American Pension Services*

\_\_\_ VIA FACSIMILE                J. Tayler Fox
\_\_\_ VIA HAND DELIVERY            James D. Gilson
\_\_\_ VIA U.S. MAIL                Callister Nebeker & McCullough
\_\_\_ VIA FEDERAL EXPRESS          10 E South Temple, Ste. 900
\_\_\_ VIA EMAIL                    Salt Lake City, UT 84133
_x_ VIA ECF                         jtfox@cnmlaw.com
                                    jgilson@cnmlaw.com
                                    *Attorneys for JPMorgan Chase Bank*

\_\_\_ VIA FACSIMILE                Monte Neil Stewart
\_\_\_ VIA HAND DELIVERY            Stewart Taylor & Morris PLLC
\_\_\_ VIA U.S. MAIL                12550 W Explorer Dr., Ste. 100
\_\_\_ VIA FEDERAL EXPRESS          Boise, ID 83713
\_\_\_ VIA EMAIL                    steward@stm-law.com
_x_ VIA ECF                         *Attorneys for Wayne L. Palmer*

\_\_\_ VIA FACSIMILE                Wayne L. Palmer
\_\_\_ VIA HAND DELIVERY            8816 S 2240 W
_x_ VIA U.S. MAIL                   West Jordan, UT 84088
\_\_\_ VIA FEDERAL EXPRESS
\_\_\_ VIA EMAIL
\_\_\_ VIA ECF

\_\_\_ VIA FACSIMILE                Barclay Associates
\_\_\_ VIA HAND DELIVERY            999 Fifth Avenue, Ste. 250
_x_ VIA U.S. MAIL                   San Rafael, CA 94901
\_\_\_ VIA FEDERAL EXPRESS
\_\_\_ VIA EMAIL
\_\_\_ VIA ECF

| | |
|---|---|
| \_\_\_ VIA FACSIMILE | Brennan H. Moss |
| \_\_\_ VIA HAND DELIVERY | Pia Anderson Dorius Reynard & Moss |
| \_\_\_ VIA U.S. MAIL | 222 S Main Street, Ste. 1830 |
| \_\_\_ VIA FEDERAL EXPRESS | Salt Lake City, UT 84101 |
| \_\_\_ VIA EMAIL | bmoss@padrm.com |
| _x_ VIA ECF | *Attorneys for Pia Anderson Dorius Reynard & Moss* |
| | |
| \_\_\_ VIA FACSIMILE | Jared N. Parrish |
| \_\_\_ VIA HAND DELIVERY | Ray Quinney & Nebeker |
| \_\_\_ VIA U.S. MAIL | 36 S State Street, Ste. 1400 |
| \_\_\_ VIA FEDERAL EXPRESS | P.O. Box 45385 |
| \_\_\_ VIA EMAIL | Salt Lake City, UT 84145-0385 |
| _x_ VIA ECF | jparrish@rqn.com |
| | *Attorneys for The National Note Investor Committee* |
| | |
| \_\_\_ VIA FACSIMILE | Sally B. McMinimee |
| \_\_\_ VIA HAND DELIVERY | Prince Yeates & Geldzahler |
| \_\_\_ VIA U.S. MAIL | 15 W South Temple, Ste. 1700 |
| \_\_\_ VIA FEDERAL EXPRESS | Salt Lake City, UT 84101 |
| \_\_\_ VIA EMAIL | sbm@princeyeates.com |
| _x_ VIA ECF | *Attorneys for the National Note Investor Committee* |
| | |
| \_\_\_ VIA FACSIMILE | Melvin C. Orchard, III |
| \_\_\_ VIA HAND DELIVERY | The Spence Law Firm |
| \_\_\_ VIA U.S. MAIL | P.O. Box 548 |
| \_\_\_ VIA FEDERAL EXPRESS | Jackson, WY 83001-0548 |
| \_\_\_ VIA EMAIL | orchard@spencelawyers.com |
| _x_ VIA ECF | *Attorneys for Paul Hawkins* |
| | |
| \_\_\_ VIA FACSIMILE | Richard R. Thomas |
| \_\_\_ VIA HAND DELIVERY | Stephen C. Biggs |
| \_\_\_ VIA U.S. MAIL | Steven C. Smith |
| \_\_\_ VIA FEDERAL EXPRESS | Smith LC |
| \_\_\_ VIA EMAIL | 3161 Michelson Drive, Ste. 925 |
| _x_ VIA ECF | Irvine, CA 92612 |
| | rthomas@smith-lc.com |
| | sbiggs@smtih-lc.com |
| | ssmith@smith-lc.com |
| | *Attorneys for Paul Hawkins* |

11

| | |
|---|---|
| ___ VIA FACSIMILE<br>___ VIA HAND DELIVERY<br>___ VIA U.S. MAIL<br>___ VIA FEDERAL EXPRESS<br>___ VIA EMAIL<br>_x_ VIA ECF | Barry C. Toone<br>Miller Toone PC<br>165 S Regent Street<br>Salt Lake City, UT 84111<br>tone@millertoone.com<br>*Attorneys for Timothy F. Keeton, Richard Powell, Larissa Powell, Steve Van Gordon, Marilyn Van Gordon, Charles A. Howe, Carola D. Howe, Charles A & Carola D Howe Family Trust, Tony Vega, Sonia Canales, Fred Myer, New Millennium Operating Co Investment, Victor Wagner, Federal Financial Services, Kim LaValley, Vinci & Associates Retirement Trust, Christy Palmer, Jeffrey Todd Heaton* |
| ___ VIA FACSIMILE<br>___ VIA HAND DELIVERY<br>___ VIA U.S. MAIL<br>___ VIA FEDERAL EXPRESS<br>___ VIA EMAIL<br>_x_ VIA ECF | Gifford W. Price<br>Mackey Price & Mecham<br>57 W 200 S, Ste. 350<br>Salt Lake City, UT 84101<br>gprice@mackeyprice.com<br>*Attorneys for Mackey Price & Mecham* |

/s/ Melissa Aguilar
_____