Peggy Hunt (Utah State Bar No. 6060)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com

*Attorneys for Court-Appointed Receiver R. Wayne Klein*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL NOTE OF UTAH, LC, a Utah Limited Liability Company and WAYNE LaMAR PALMER, and individual,<br><br>Defendants. | **FIFTEENTH STATUS REPORT OF R. WAYNE KLEIN, RECEIVER**<br>*For the Quarter Ending March 31, 2016*<br><br>2:12-cv-00591 BSJ<br><br>The Honorable Bruce S. Jenkins |

R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of National Note of Utah, LC ("National Note"), as well as certain subsidiaries and entities affiliated with National Note ("Related Entities"), and the assets of Wayne LaMar Palmer ("Palmer"), collectively, the "Receivership Entities" hereby submits this Fifteenth Status Report for the period January 1, 2016 through March 31, 2016 (the "Reporting Period").

# TABLE OF CONTENTS

I.      PROCEDURAL HISTORY...................................................................... 1

II.     CONTINUED OPERATIONS................................................................ 1

III.    REAL ESTATE TRANSACTIONS ...................................................... 2

        A.   Real Property Sales Closed During the Reporting Period.................................2

        B.   Offers Preliminarily Accepted on Real Estate............................................... 4

        C.   Remaining Real Estate Holdings.................................................................. 6

IV.     REAL ESTATE LIENS........................................................................... 8

        A.   Assignments of Beneficial Interest ("ABIs")................................................ 8

        B.   Deeds of Trust............................................................................................ 9

V.      LITIGATION AND SETTLEMENTS................................................... 10

        A.   Avoidance Lawsuits Resolved During Reporting Period. ............................. 10

        B.   Pending Avoidance Actions........................................................................ 11

        C.   Settlements............................................................................................... 13

VI.     CLAIMS PROCESS............................................................................... 14

        A.   Claims Received....................................................................................... 14

        B.   Claim Categories...................................................................................... 14

        C.   Motions Filed........................................................................................... 15

        D.   Next Steps. .............................................................................................. 17

VII.    FINANCIAL ANALYSIS....................................................................... 17

VIII.   NEXT STEPS.......................................................................................... 19

IX.     CONCLUSION........................................................................................ 20

# I.

## PROCEDURAL HISTORY

This action (the "Civil Case") was commenced by the United States Securities and Exchange Commission (the "SEC") on June 25, 2012 against Defendants Palmer and National Note by the filing of a Complaint in the United States District Court for the District of Utah (the "Court").[1] The Court held a trial on November 2, 2015 and entered judgment against Palmer and National Note in favor of the SEC on November 30, 2015.[2]

On August 19, 2015, a grand jury criminal indictment was issued for Palmer and his cousin, Julieann Palmer Martin. They are charged with wire fraud, mail fraud, and money laundering. The criminal case is pending.

This is the Fifteenth Status Report for the period of January 1, 2016 through March 31, 2016, defined above as the "Reporting Period."

# II.

## CONTINUED OPERATIONS

The Receiver is no longer operating any businesses or rental properties of the Receivership Estate. With the sale of the Ogden Office Building on January 6, 2016 (shortly after the beginning of the Reporting Period), the Receivership Estate no longer owns any properties incurring ongoing operating expenses.

---

[1] Docket No. 1.

[2] Docket No. 1043.

## III.

## REAL ESTATE TRANSACTIONS

Attached hereto as **Exhibit A** is a chart setting forth the status of all real properties in the Receivership Estate as of March 31, 2016.  During the Reporting Period, the Receiver succeeded in selling a significant number of properties in the Receivership Estate as discussed in further detail below.

A.   **Real Property Sales Closed During the Reporting Period**. Ten property sales were closed during the Reporting Period as follows:

1.   Ogden Office Building.  On November 20, 2015, the Court entered an Order approving the public sale of this commercial office building located at 2351 Grant Street in Ogden, Utah.[3] No higher and better offers were submitted for the property and, thus, the auction was canceled and the property was sold to the stalking horse bidder.  The sale closed on January 6, 2016.  In total, the Receivership Estate received $241,836.67 after (a) paying 50.8% of the gross sale proceeds to the co-owner of the building, eight years of property taxes, sales commissions and other customary closing costs, and (b) being reimbursed $54,708.99 by the co-owner for expenses that the Receivership Estate incurred in managing the property.[4]

2.   Five Lots, Byron, Minnesota.  On February 23, 2016, the Court entered an Order approving the public sale of five improved industrial building lots located in Byron, Minnesota.[5] No higher and better offers were submitted for the lots and, thus, the auction was

_____

[3] Docket No. 1042.

[4] *See* Docket No. 1064 (*Receiver's Notice of Public Sale Proceeds*).

[5] Docket No. 1084.

canceled and the lots were sold to the stalking horse bidder for a total of $448,300.00. The sale

closed on March 31, 2016.  After payment of seven years of property taxes, development bonds,

sales commissions and closing costs, the Receivership Estate received net sale proceeds totaling

$270,963.57.[6]

      3.    <u>Almond Heights Lots 19 and 20</u>.  On January 15, 2016, the Court entered

an Order approving the private sale of these two improved residential building lots located in the

Almond Heights subdivision in Toquerville, Utah for a combined purchase price of $37,200.00.[7]

The sale closed on January 25, 2016. These two lots, as well as an additional four Almond

Heights lots (Lots 17, 18, 21 and 22), are encumbered by a deed of trust securing a debt in the

amount of $30,000.00.  After payment of closing costs for the sale of Lots 19 and 20, the

Receiver obtained the release of the trust deed against all of six lots by paying a total of

$2,727.27 at closing.  As a result of the release of the trust deed, (a) $21,752.44 in net proceeds

from the Court-approved sale of Lot 17,[8] which had been held in the Real Estate Account, was

released to the Receivership Estate's Operating Account, (b) as discussed immediately below,

Lot 18 was sold after Court approval free and clear of any interests, and (c) Lots 21 and 22 ,

which are still being marketed for sale by the Receiver, will be sold free and clear of any interest.

      4.    <u>Almond Heights Lots 14, 15, 18 and Toquerville Lots C-2, F-3</u>.  On

February 8, 2016, the Court entered an Order approving the private sales of five improved

---

[6] *See* Docket No. 1124 (*Receiver's Notice of Public Sale Proceeds*).

[7] Docket No. 1068.

[8] Docket No. 829.

residential building lots—Lots 14, 15 and 18 located in the Almond Heights subdivision and Lots C-2 and F-3 located in Toquerville, Utah, for a combined purchase price of $151,335.00.[9] Prior to closing, the Receiver was required to resolve issues raised on two of the five Lots related to the utility lines and poles that were located on those Lots. These issues were resolved as a result of the Receiver's efforts, and each of the sales closed on March 1, 2016. After the paying the holder of a valid trust deed on Lots 14 and 15,[10] property taxes, real estate commissions and customary closing costs, the net sale proceeds obtained by the Receivership Estate totaled $85,366.65.[11]

5. Toquerville Lot A-2. On January 15, 2016, the Court entered an Order approving the private sale of Lot A-5, an undeveloped 5.07-acre residential lot, located in Toquerville, Utah, together with adjacent two parcels, for a total of $148,200.00.[12] This sale closed on March 22, 2016. After payment of seven years of unpaid property taxes, real estate commissions, and customary closing costs, the net sale proceeds obtained by the Receivership Estate totaled $118,730.60.

B. Offers Preliminarily Accepted on Real Estate. The Receiver accepted purchase offers for two additional properties of the Receivership Estate during the Reporting Period, both of which are conditioned on Court approval and discussed in greater detail below.

---

[9] Docket No. 1075.

[10] This amount includes the 25% of the net sale proceeds for Lots 14 and 15 that the Receivership Estate was entitled to pursuant to a Court-approved settlement agreement with the holder of the deed of trust.

[11] See **Exhibit A** (setting forth details regarding each of the Lots sold).

[12] Docket No. 1099.

1.     Bear Grove Industrial Park, Block 2, Lot 1. On February 16, 2016, the Receiver accepted, subject to Court approval, an offer to purchase this developed industrial lot located in Byron, Minnesota, for $280,000.00.  On March 30, 2016, the buyer waived its due diligence conditions and informed the Receiver that it is ready to proceed with the purchase. On April 4, 2016, shortly after the end of the current Reporting Period, the Receiver filed a *Motion* seeking authorization to conduct a public sale of this property, using the proposed purchaser as the stalking horse bidder.[13] The property has significant unpaid property taxes owed. A report on this sale will be included in the Receiver's next status report.

2.     Expressway Business Park. On January 26, 2016, the Receiver accepted, subject to Court approval, an offer to purchase 27.5 of the 30 acres of industrial land owned by the Receivership Estate at Expressway Business Park located in Spanish Fork, Utah for $250,000.00.  This amount is significantly below the $1,250,000.00 appraised value of the full 30 acres, but three previous offers made for the property have been withdrawn based on environmental concerns.  The Receiver has also received two offers for conditional purchases of this property, at higher prices. The Receiver is evaluating those offers.  The Receiver expects to file a motion seeking Court approval to dispose of this property.  More information on this property will be included in the next status report.

---

[13] Docket No. 1105.

C.   **Remaining Real Estate Holdings**. If the sales of the two properties listed in Part IV.B close, seven properties will remain unsold in the Receivership Estate, each of which is discussed below.[14]

1.   Elkhorn Ridge Estates Lots. The Receivership Estate owns 42 developed building lots in this subdivision located in Malad, Idaho.  Only two vacant lots have been sold, both of which sales occurred in 2013.  Although the Receiver continues to actively market these properties for sale, he understands that there is limited demand for developed building lots.  As this case moves forward, the Receiver will continue to consider options related to the sale of these lots, either individually or in bulk.

2.   Elkhorn Ridge Land. The Receivership Estate also owns 217 acres of undeveloped, range land adjacent to the Elkhorn Ridge Estates lots discussed immediately above. This land competes with a significant supply of other range land in the area. Despite what appears to be an overabundance of range land in this area, the Receiver continues to actively market the property.  To date, the Receiver has received only one serious inquiry.  As this case moves forward, the Receiver will continue to consider options related to the sale of this land.

3.   Deer Meadows Lot. This recreational building lot, located in Duchesne County, Utah, is in a remote location with challenging topography.  To date, the Receiver has not received any serious inquiries on this property, but he continues to actively market it for sale.  As this case moves forward, the Receiver will continue to consider options related to the sale of this land.

---

[14] *See* **Exhibit A**.

4.     <u>Overland Trails, Eagle Mountain, Utah</u>. The Receiver recently obtained an appraisal for this property which indicates that there may be some equity over and above the value of six deeds of trust that currently exist, some of which may be contested by the Receiver. As a result, the Receiver has begun marketing the property for sale and will continue to evaluate the benefit of this property to the Receivership Estate.

5.     <u>Cedar Fort Land</u>. This is an 85-acre parcel of undeveloped property located in Fairfield, Utah, which the Receiver continues to market for sale.  The Receiver is informed that a portion of the property is contaminated by arsenic, making it unsuitable for residential and some agricultural uses. The land has no water rights attached to it.  Little interest has been shown in this property.  The Receiver is considering options for the Receivership Estate in relation to this property.

6.     <u>Almond Heights Lots 21 and 22</u>. Two building lots remain in the Almond Heights subdivision located in Toquerville, Utah, both of which continue to be marketed for sale by the Receiver. These two lots sit on the edge of a cliff, dropping down almost a hundred feet to a creek.  Recent land surveys by potential buyers reveal that the lots may not be suitable for residential development.  The Receiver is considering options for the Receivership Estate in relation to these lots.

7.     <u>Bear Grove Industrial Park, Lot 4</u>. One industrial building lot located in Byron, Minnesota remains unsold, and is currently being marketed.  This lot is subject to unpaid property taxes and development bonds that, together, appear to total more than the market value of the property.  Value for the Receivership Estate likely will be realized only if the property is sold for its listing price and the City of Byron agrees, as it has in the past, to waive a substantial

portion of the outstanding property taxes.

## IV.

## REAL ESTATE LIENS

A.     **Assignments of Beneficial Interest ("ABIs")**. At the time the Receiver was

appointed, 349 ABIs with face amounts of $32.4 million had been recorded against 49 properties

in the Receivership Estate. The Receiver maintains that all ABIs are invalid as a matter of law,

and has obtained the voluntary release of hundreds of ABIs by stipulation.  All ABI holders who

did not agree to release their ABIs have been named as Defendants in an action seeking a

judgment declaring the ABIs to be invalid (the "ABI Action").[15]  During the Reporting Period,

two default judgments were obtained, declaring the ABIs held by Defendants Michael Bryant

and Michael Walden to be invalid.  Thus, as of the end of the Reporting Period, only six ABIs

(with ABI face amounts of $1,275,000.00) remain against three properties or the net sale

proceeds thereof (Elkhorn Lot 11, Expressway Business Park, and Farrell Business Park).

Motions for summary judgment have been fully briefed and argued as to five of the ABIs, and

the Court has taken them under advisement.  The sixth ABI is recorded in favor of Defendant

Terry Stallman, who has been avoiding service.  On March 23, 2016, the Court entered an Order

authorizing the Receiver to serve Mr. Stallman by alternative means,[16] which the Receiver has

done.  As of this date, Mr. Stallman has not responded to service, and the Receiver intends to

seek the entry of a default judgment against him.  Assuming that this judgment is entered by the

---

[15] *Klein v. Adams*, Civ. No. 2:14CV614-BSJ (D. Utah).

[16] *Klein v. Adams*, No. 2:14CV0614, Docket No. 519.

Court, the summary judgment motions related to the five other ABIs will be ready for consideration by the Court.

      **B.**    **Deeds of Trust**. The Receiver identified thirteen properties of the Receivership Estate on which deeds of trust had been recorded at the time of his appointment. Significant progress has been made during the Reporting Period in resolving a number of these deeds of trust,[17] and as of the end of the Reporting Period, all deeds of trust have satisfied or released except as noted below.

      1.    <u>Overland Trails, Eagle Mountain, Utah</u>: There are six deeds of trust remaining and recorded against this property claiming to secure a total of $252,136.91 in debt. As discussed in Part III.C above, the Receiver is actively marketing this property as a result of its potential to have equity over and above the amount of the purported interests. Some of these interests likely will be disputed by the Receiver.

      2.    <u>Expressway Business Park, Spanish Fork, Utah</u>. There are four deeds of trust remaining and recorded against this property which are held by Summit Exchange, Westar Equities and two property tenants. During the Reporting Period, Summit Exchange reconveyed the deed of trust it held, purporting to secure debt in the amount of $360,000.00, after the Receiver established with Summit Exchange that its debt had been satisfied in full prior to the Receiver's appointment. Westar Equities maintains that it is owed almost $10,000.00, with its principal debt claimed to be in the amount of $5,992.83, and interest in the amount of $3,639.51. The Receiver is evaluating the amount of this claim. The tenants' interests are in unspecified

---

[17] *See* Part III.A.

amounts, but the Receiver believes that the purported debts relate to tenant improvements that were promised by National Note but never completed.  As a result of investigation conducted during the Reporting Period, the Receiver intends to contest these deeds of trust.

**V.**

**LITIGATION AND SETTLEMENTS**

In addition to the ABI Action discussed in Part IV.A above, the Receiver filed approximately 140 lawsuits to recover transfers made by National Note and its affiliated entities (the "<u>Avoidance Actions</u>"). As reported in earlier Status Report, many of these Avoidance Actions have been resolved, and as of the last Report, only eight actions remained.  During the Reporting Period, one of these pending Actions was concluded, thus leaving seven Avoidance Actions for resolution.  They are discussed below.

A.    **Avoidance Lawsuits Resolved During Reporting Period**.  During the Reporting Period, the Receiver obtained judgment in one of the Avoidance Actions.  Specifically, on February 4, 2016, judgment was entered against Secure American Gold Exchange in the amount of $112,000.00.[18] The Receiver is evaluating what assets might be available to satisfy this judgment.  In addition, on March 14, 2016, the Receiver obtained two judgments relating to prior litigation efforts: (1) an $8,500.00 judgment against Analee McDonald, who had previously entered into a settlement agreement with the Receiver, but failed to make all payments required by the agreement, and (2) a judgment of $104,254.33 against Carol Slaughter, which included $18,800.05 in prejudgment interest.

---

[18] *Klein v. Secure American Gold Exchange*, Civ. No. 2:14CV869 (D. Utah) (Nuffer, C.J.).

**B.**     <u>Pending Avoidance Actions</u>. The status of the seven Avoidance Actions still

pending is summarized below:

1.     <u>Victor Wagner and Related Entities</u>.[19]  Mr. Wagner has filed a petition

seeking bankruptcy relief, thus staying the Avoidance Action against him. After the conclusion

of the current Reporting Period, default judgment was obtained against two companies controlled

by Mr. Wagner.  Further information about this matter will be included in the next status report.

2.     <u>Michelle Turpin Michelle Turpin & Associates</u>.[20] Cross Motions for

Summary Judgment have been filed in this case, and oral argument has been rescheduled for

May 10, 2016.

3.     <u>Christy Palmer</u>.[21] Mrs. Palmer filed a petition seeking relief under Chapter

13 of the Bankruptcy Code on November 4, 2015, and this case converted to Chapter 7 on

December 10, 2015. This is Mrs. Palmer's second bankruptcy case – her first case was dismissed

when she failed to appear at her meeting of creditors.  As a result of the bankruptcy filing, the

Avoidance Action against Mrs. Palmer has been stayed.  The Receiver will file a claim in the

bankruptcy case, and will monitor the case to determine the best course of action.

4.     <u>Kleen Water Power</u>.[22] On September 9, 2015, an Order was entered

adding Carlton Gentry, the president of the company, as a Defendant in this Avoidance Action .

---

[19] *Klein v. Wagner et al.*, Civ. No. 2:13CV557 (D. Utah) (Shelby, J.).

[20] *Klein v. Turpin et al.*, Civ. No. 2:14CV302 (D. Utah) (Wells, M.J.).

[21] *Klein v. Palmer*, Civ. No. 2:13CV581 (D. Utah) (Wells, M.J.).

[22] *Klein v. Kleen Water Power*, Civ. No. 2:13CV550 (D. Utah) (Furse, M.J.).

The Receiver is in the process of obtaining service of process on Gentry, a Canadian citizen, which is proving difficult.

5.    Max Andreason and Related Parties.[23] On November 17, 2015, summary judgment was entered against Defendant M&M Andreason Investments, Inc. for $50,051.22. The Receiver amended his Complaint to name Melanie Andreason as a Defendant based on evidence Mrs. Andreason is a transferee of false profits. The Receiver filed a motion for summary judgment on January 29, 2016, and after the conclusion of the current Reporting Period, a judgment was entered in favor of the Receiver. Further information about this matter will be provided in the next status report.

6.    Joel Blakeslee and Related Parties.[24] Summary judgment has been entered against the Blakeslee Family Living Trust. Since that time, the Receiver has taken the deposition of Joel Blakeslee and has visited properties he owns. The Receiver and Mr. Blakeslee attempted to reach a settlement agreement, but these efforts were not successful. The Receiver expects to seek summary judgment against Mr. Blakeslee in the near future.

7.    Fred Myer.[25] A tentative settlement with Mr. Myer was rejected by the Court. The dispute with Mr. Myer revolves around who has the right to claim ownership of an account balance that was transferred from Mr. Myer to a third party. The third party has filed a Proof of Claim against the Receivership Estate. As a result, it appears that legal issues related to

---

[23] *Klein v. Andreason et al.*, Civ No. 2:13CV462 (D. Utah) (Nuffer, C.J.).

[24] *Klein v. Blakeslee et al.*, Civ. No. 2:13CV405 (D. Utah) (Campbell, J.).

[25] *Klein v. Myer*, Civ. No. 2:13CV504 (D. Utah) (Nuffer, J.).

the litigation will be addressed in the claim process.

    **C.**    **Settlements**.

On March 16, 2016, the Court entered an *Order*[26] granting the Receiver's *Sixteenth Motion Seeking Approval of Settlement Agreements and Memorandum in Support*,[27] thus approving the following: (a) an agreement with Kim R. Colin and Real Estate Investment Partners 401k PSP under which the Receivership Estate paid the settling parties $50,000.00 in exchange for their release of certain deeds of trust and waiver of any claim against the Receivership Estate; and (b) an agreement with Corporation of the President of The Church of Jesus Christ of Latter-day Saints pursuant to which the Church paid $210,460.14 that Palmer had contributed to the LDS Church between 1998 and 2012.

**VI.**

**CLAIMS PROCESS**

The claims process began on September 1, 2015, when the Court entered an *Order Granting Receiver's Amended Motion Seeking Approval of Proposed Claim Procedures and Accompanying Forms and Setting Bar Date*.[28] The bar date to file Proofs of Claim expired on November 3, 2015. The *Receiver's Initial Claims Report* was filed March 4, 2016.[29] The following summarizes the status of the claims process:

---

[26] Docket No. 1098.

[27] Docket No. 1096.

[28] Docket No. 999.

[29] Docket No. 1088.

A.     **Claims Received**.  A total of 466 Proofs of Claim were received by the Receiver

by March 4, 2016, at which time the Receiver filed his *Initial Claims Report*.[30]  Each claimant

was assigned a claim number and the claim number, along with confirmation of receipt of each

claim, was sent to each claimant.  These 466 Proofs of Claim assert claims in a total amount of

$67,124,693.09.

B.     **Claim Categories**. The Receiver sent letters to each claimant stating the

Receiver's intent to recommend (i) allowance of the claim as asserted, (ii) allowance at a lesser

amount than asserted, or (iii) disallowance of the claim in its entirety.  Many claimants accepted

the Receiver's recommendations to allow claims in reduced amounts without the expense of

litigation.  As a result, as set forth in the *Initial Claims Report*, the Proofs of Claim have been

divided into the following four categories:[31]

---

[30] One Proof of Claim was submitted since the filing of this Report.  The Receiver has objected
to this Proof of Claim.  *See* Docket No. 1123.

[31] The *Initial Claims Report* included four Exhibits, and each Exhibit identifies how each of the
Proofs of Claims that was submitted has been categorized.

| Category | Number of Claims | Proof of Claim Amounts | Recommended Allowed Claim Amounts |
|---|---|---|---|
| Recommended Allowed Claims | 133 | $13,354,795.26 | $13,354,795.26 |
| Recommended Stipulated Allowed Claims[32] | 205 | $31,786,319.52 | $23,202,520.67 |
| Recommended Reduced Allowed Claims[33] | 82 | $15,474,780.02 | $8,613,351.69 |
| Recommended Disallowed Claims | 46 | $6,508,798.29 | $0.00 |
| **Totals** | **466** | **$67,124,693.09** | **$45,170,667.62** |

C. **Motions Filed**. The Receiver filed three Motions asking the Court to approve his recommendations as follows:

      1.    Motion Seeking Allowance of Recommended Claims.  On March 4, 2016, the *Receiver's Motion Seeking Allowance of Recommended Allowed Claims and Memorandum of Law in Support* was filed,[34] requesting that the Recommended Allowed Claims and Recommended Stipulated Allowed Claims be allowed as requested by the Receiver.  On March 11, 2016, the Receiver filed a *Supplement* to this Motion emphasizing that the amount of the Proof of Claim allowed by the Court would not set the amount distributed to the claimant.[35]  The Motion, the *Initial Claims Report* and the Supplement were served on each of the claimants in

---

[32] This category applies to Proofs of Claim where the Receiver recommends allowance of a claim in an amount less than the amount asserted on the Proof of Claim form and the claimant has agreed in writing to accept the Receiver's recommended amount.

[33] This category applies to Proofs of Claim where the Receiver recommends allowance of a claim in an amount less than the amount asserted on the Proof of Claim form and the claimant has not notified the Receiver that it accepts the reduced amount.

[34] Docket No. 1089.

[35] Docket No. 1090.

these categories,[36] and were posted on the Receiver's website.   No objections to the Motion were filed.

      2.    <u>Motion Seeking Allowance of Recommended Reduced Claims</u>.  On March 14, 2016, the *Receiver's Motion Seeking Allowance of Recommended Reduced Claims and Memorandum of Law in Support* was filed,[37] requesting that the Recommended Reduced Allowed Claims be allowed in reduced amounts as requested by the Receiver.  This Motion and the *Initial Claims Report* were served on each of the claimants in this category,[38] and were posted on the Receiver's website.  The deadline to object to this Motion was April 8, 2016, and the status of this Motion will be reported on in the next status report.

      3.    <u>Motion Requesting Disallowance of Proofs of Claim.</u>  On March 14, 2016, the *Receiver's Motion Requesting Disallowance of Proofs of Claim and Memorandum of Law in Support* was filed,[39] requesting that the Court disallow the Recommended Disallowed Claims in their entirety.  This Motion and the *Initial Claims Report* were served on each claimant in this category,[40] and were posted on the Receiver's website.  The deadline to object to this Motion was April 8, 2016, and the status of this Motion will be reported on in the next status report.

---

[36] Docket No. 1101.

[37] Docket No. 1093.

[38] Docket No. 1103.

[39] Docket No. 1092.

[40] Docket No. 1104.

**D.**   **Next Steps**.  As will be discussed in further detail in the next status report, limited objections have been filed to the Receiver's recommendations as to the allowance or disallowance of Proofs of Claim.  Once these objections are resolved, the Receiver anticipates that he will file a Final Claims Report with the Court listing all claims as allowed or disallowed by the Court, and then a plan of distribution will be proposed to the Court for approval.  Upon the entry of an Order approving a plan of distribution, the Receiver will commence making distributions in accordance with the approved plan.

## VII.

## FINANCIAL ANALYSIS

**A.**   **Receivership Financial Information**.  The following financial information is provided for the Reporting Period:

1.   **Bank Accounts**.  The Receiver maintains two bank accounts for the operation of the Receivership Estate: a general operating account (the "Operating Account") and an account holding the net proceeds of real estate sales to which disputed interests have attached (the "Real Estate Account").[41]  The balances in these accounts as of the close of the Reporting Period are as follows:

---

[41] Pursuant to the Court's *Order Approving the Receiver's Third Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from July 1, 2013 through December 31, 2013,* Docket No. 828, the Receiver has established a separate Savings Account tied to the Operating Account in which he is holding 20% of the professional fees incurred by him and his counsel related to that fee application. Money to open this Savings Account was transferred from the Operating Account. This Savings Account has a current balance of $122,863.59, and is in addition to the amounts reported below.

| Account | Account Balance |
|---------|----------------|
| Operating Account | $5,352,705.88 |
| Real Estate Account | $960,582.13 |
| **TOTAL** | **$6,313,288.01** |

2.      Operating Account Deposits.  The sources of funds deposited into the Operating Account during the Reporting Period are shown in the following table:

| Source | Amount In |
|--------|-----------|
| Settlement Agreement proceeds | $290,911.99 |
| Real estate sales proceeds | $714,170.22 |
| Interest, utility refunds | $1,446.87 |
| **TOTAL** | **$1,006,529.08** |

3.      Operating Account Expenditures.  The following table shows the categories of operating expenses that have been paid from the Operating Account during the Reporting Period:

| Type of Expense | Amount Out |
|-----------------|-----------|
| Utilities, maintenance | $2,256.09 |
| Real estate publication, appraisals | $3,643.03 |
| Colin settlement payment | $50,000.00 |
| Miscellaneous operating expenses | $214.86 |
| **TOTAL** | **$56,113.98** |

4.      Real Estate Account Deposits and Withdrawals.  One of the settlement agreements approved by the Court during the Reporting Period resulted in the release of a deed of trust on Almond Heights Lot 17.  As a result, $21,752.44 in net proceeds from this sale was transferred from the Real Estate Account to the Operating Account.  The Real Estate Account earned interest in the amount of $147.52 during the Reporting Period.

5.      SFAR.  Attached as **Exhibit B** is a copy of the Standardized Fund Accounting Report for the Reporting Period.

6. _Administrative Expenses_. On March 14, 2016, the Court entered an _Order Approving the Receiver's Sixth Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from July 1, 2015 through September 30, 2015._[42] On March 14, 2016, $51,866.60 was paid to Klein & Associates for work of the Receiver and his staff during this three-month period, and $74,000.30 was paid to Dorsey & Whitney LLP for its fees and expenses.

For the current Reporting Period, the Receiver and his staff have spent a total of 280.7 hours on behalf of the Receivership Estate. Total fees incurred by the Receiver during the Reporting Period are in the total amount of $39,735.00. Dorsey & Whitney LLP's total fees and expenses incurred during the Reporting Period are in the total amount of $64,242.57.[43]

## VIII.

### NEXT STEPS

At this time, the Receiver anticipates addressing the following priorities in the coming months:

1. _Claims Process_. As discussed above, the Receiver has filed his _Interim Claims Report_ and has requested that the Court allow or disallow the Proofs of Claim that have been submitted based on the recommendations made in the three Motions discussed above. In the coming quarter, the Receiver will file responses to any objections that are filed and engage in any litigation necessary to obtain final orders on the allowance or disallowance of Proofs of

---

[42] Docket No. 1091.

[43] A summary of fees and expenses that have been incurred on behalf of the Receivership Estate by the Receiver and the Receiver's legal counsel in prior Reporting Periods is set forth in each of the earlier Status Reports and the interim Fee Applications.

Claim.  When the objections have been resolved, the Receiver will submit a Final Claims Report to the Court.

     2.    <u>Litigation</u>.  As discussed above, the Receiver anticipates litigation related to the few remaining defendants in the ABI Action and the few remaining Avoidance Actions.

     3.    <u>Collection of Judgments</u>. The Receiver anticipates continuing his efforts to execute on judgments that he has obtained.

     4.    <u>Property Sales</u>.  As discussed above, the Receiver will continue his efforts to sell the remaining real estate held by the Receivership Estate.  Based on offers already received, the Receiver expects to sell at least two additional properties during the next Reporting Period.

**IX.**

**<u>CONCLUSION</u>**

Major progress was made during the Reporting Period, particularly with the claims process, sales of property, and narrowing the ABI Action.  The Receiver looks forward to completing the claims process so that a plan of distribution may be recommended to the Court and distributions can be made to holders of allowed claims.

DATED this 29th day of April, 2016.


_____

WAYNE KLEIN, Receiver

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above **FIFTEENTH STATUS REPORT**

**OF R. WAYNE KLEIN, RECEIVER** was filed with the Court on this 29 th day of April, 2016,

and served via ECF on all parties who have requested notice in this case. A copy was also

served on Wayne Palmer by U.S. Mail, postage prepaid at:

Wayne Palmer
8816 South 2240 West
West Jordan, UT 84088

/s/ Candy Long

21

# EXHIBIT A

## REAL PROPERTIES--STATUS

*As of 3/31/16.  Investigation Ongoing.  All Information Subject to Change.*

*The numbers in the first column correspond with numbers of these properties as described in the Receiver's First Status Report.*

| | Property Name | Location | Listing Price | Sales Price | Net Sale Proceeds | Status |
|---|---|---|---|---|---|---|
| | **PROPERTIES CURRENTLY IN RECEIVERSHIP ESTATE** | | | | | |
| 3 | Elkhorn Ridge Estates-42 Building Lots | Malad, ID | | | | Marketed for sale with broker; several lots sold (described below) |
| 4 | Elkhorn Ridge-4 Undeveloped Parcels | Malad, ID | 250,000 | | | Property split approved [Docket No. 289]  Listed for sale with broker |
| 7 | Ogden Office Building (49% ownership) | Ogden, UT | 699,000 | 600,000 | 241,836.07 | Sale approved via auction [Docket No. 1042]. Sale closed 1/6/16 |
| 10 | Deer Meadows | Duchesne Co., UT | 72,000 | | | Marketed for sale through broker; lien released in settlement |
| 20 | Overland Trails | Eagle Mtn., UT | 340,000 | | | Appraisal obtained; being marketed. |
| 21 | Cedar Fort Land (Fairfield)-85 Acres | Fairfield, UT | 255,000 | | | Property is being marketed through broker |
| 23 | Expressway Business Park-Land | Spanish Fork, UT | 1,250,000 | 250,000 | | Offer accepted 1/26/16; due diligence completed; preparing motion. |
| 25 | Almond Heights-10 Building Lots | Toquerville, UT | | | | |
| | Lot #A-2 | | 159,750 | 148,200 | 118,730.60 | Sale Approved [Docket No. 1099] Sale closed 3/22/16 |
| | Lot #C-2 | | 34,200 | 30,780 | 24,136.91 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| | Lot #F-3 | | 35,150 | 31,635 | 24,887.93 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| | Lot #14 | | 35,150 | 31,635 | 6,525.25 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| | Lot #15 | | 33,250 | 29,925 | 6,254.50 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| | Lot #18 | | 30,400 | 27,360 | 23,562.06 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| | Lot #19 | | 22,800 | 18,600 | -1,200.46 | Sale Approved [Docket No. 1068] Sale closed 1/25/16 |
| | Lot #20 | | 22,800 | 18,600 | -1,526.81 | Sale Approved [Docket No. 1068] Sale closed 1/25/16 |
| | Lot #21 | | 10,450 | | | Property is being marketed through broker |
| | Lot #22 | | 19,950 | | | Property is being marketed through broker |
| 29 | Bear Grove Industrial Park-4 Lots | Byron, MN | | | | |
| | Block 2, Lot 1 | | 285,000 | 280,000 | | Offer accepted 2/16/16; due diligence completed; preparing motion |
| | Block 1, Lot 4 | | 235,034 | | | Bond encumbrance; property is being marketed through broker |
| | Block 2, Lots 4-5 | | 448,300 | 448,300 | 279,963.57 | Sale at auction approved [Docket No. 1084] Sale closed 3/31/16 |
| | **PROPERTIES SOLD OR RELEASED** | | | | | |
| | Property Name | Location | Listing Price | Sales Price | Net Sale Proceeds | Status |
| 1 | River Run/Riverbend Subdivision-Land | Middleton, ID | N.A. | N.A. | N.A. | No equity.  Court approved release of property to lender [Dkt. No. 590] |
| 2 | Single family home: 1st Avenue | Middleton, ID | 115,000 | 105,000 | 102,461.72 | Sale approved [Docket No. 734].  Sale closed 10/15/14 |
| | Single family home: Hawthorne Ave. | Middleton, ID | 80,000 | 76,000 | 69,569.48 | Sale approved [Docket No. 804].  Sale closed 11/17/14 |
| 3 | Elkhorn Ridge Estates-47 Building Lots | Malad, ID | | | | Lots sold to date are: |
| | Lot #1 | | 135,000 | 155,000 | 142,834.78 | Sale approved [Docket No. 419] Sale closed 8/29/13 |
| | Lot #2 | | 35,000 | 31,500 | 27,725.00 | Sale approved [Docket No. 492] Sale closed 12/6/13 |
| | Lot #4 | | 35,000 | 35,000 | 30,893.21 | Sale approved [Docket No. 231] Sale closed 4/26/13 |
| | Lot #5 | | 80,000 | 80,000 | 71,803.14 | Sale approved [Docket No. 231] Sale closed 4/8/13 |
| | Lot #48 | | 80,000 | 80,000 | 73,620.84 | Sale approved [Docket No. 231] Sale closed 4/9/13 |
| 5 | Manhattan Grille Condominium | Manhattan, MT | 49,000 | 51,000 | 45,933.32 | Sale approved [Docket No. 300] Sale closed 6/5/13 |
| 6 | Twin Pines Apartments | Brigham City, UT | N.A. | | 172,020.02 | Sale approved [Docket No. 736]. Sale closed 9/14/14 |
| 8 | Summit Park Lot | Summit Park, UT | 40,000 | 37,500 | 32,477.61 | Sale approved [Docket No. 135] Sale closed 1/24/13 |
| 9 | Bandanna Cabin | Fruitland, UT | 260,000 | 260,000 | 226,374.07 | Sale at auction approved [Docket No. 341] Sale closed 10/24/13 |
| 11 | Outpost/Indian Canyon | Duchesne Co., UT | N.A. | 148,222.56 | 134,068.12 | Sale approved [Docket No. 269] Sale closed 8/21/13 |
| 12 | East Meadows Mobile Home Park | Vernal, UT | N.A. | 1,025,000 | 979,620.29 | Sale approved [Docket No. 292] Sale closed 7/29/13 |

| | | | | | |
|---|---|---|---|---|---|
| 13 | Quail Hollow Apartments | Vernal, UT | N.A. | N.A. | N.A. | Determined not owned by Receivership Estate |
| 14 | Residential Building Lots at 900 West | Salt Lake City, UT | N.A. | 70,000 | 65,295.00 | Sale approved [Docket No. 263] Sale closed 5/8/13 |
| 15 | Cottonwood Road Property-4 acres | Salt Lake City, UT | N.A. | N.A. | N.A. | No equity; court approved release of property to lender [Dkt. No. 179] |
| 15 | Cottonwood Road Property-1 acre | Salt Lake City, UT | N.A. | 291,000 | 279,189.07 | Sale at auction approved [Docket No. 495] Sale closed 11/8/13 |
| 16 | National Note Office Building | West Jordan, UT | 285,000 | 285,000 | 55,903.09 | Sale approved [Docket No. 161] Sale closed 3/19/13 |
| 17 | Palmer Residence | West Jordan, UT | N.A. | N.A. | N.A. | No equity. Court approved abandonment of property [Dkt. No. 869] |
| 18 | Star Pointe Development | Salt Lake City, UT | N.A. | N.A. | 70,000.00 | Court approved settlement agreement with lender [Docket No. 608] |
| 19 | Autumn Ridge Subdivision-Phase I | Eagle Mtn., UT | | | | |
| | Phase I-Lot #2 | | 37,000 | 39,900 | 35,635.21 | Sale approved [Docket No. 692]. Sale closed 7/8/14 |
| | Phase I-Lot #3 | | 37,000 | 39,900 | 35,711.84 | Sale approved [Docket no. 644] Sale closed 5/1/14 |
| | Phase I-Lot #4 | | 37,000 | 37,000 | 30,821.91 | Sale approved to builders [Docket No. 293] Sale closed 6/3/13 |
| | Phase I-Lot #6 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #7 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #8 | | 37,000 | 37,000 | 31,554.15 | Sale approved to builders [Docket No. 293] Sale closed 5/31/13 |
| | Phase I-Lot #11 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #16 | | 37,000 | 39,900 | 35,903.39 | Sale approved [Docket No. 696]. Sale closed 7/18/14 |
| | Phase I-Lot #21 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #30 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #33 | | 37,000 | 37,000 | 30,775.92 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #39 | | 37,000 | 39,900 | 35,903.39 | Sale approved [Docket No. 696]. Sale closed 7/18/14 |
| | Phase I-Lot #40 | | 37,000 | 37,000 | 30,911.96 | Sale approved to builders [Docket No. 293] Sale closed 9/25/13 |
| | Phase I-Lot #41 | | 37,000 | 37,000 | 30,857.73 | Sale approved to builders [Docket No. 293] Sale closed 8/14/13 |
| | Phase I-Lot #51 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #52 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #54 | | 37,000 | 37,000 | 31,554.16 | Sale approved to builders [Docket No. 293] Sale closed 5/31/13 |
| | Phase I-Lot #55 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase I-Lot #60 | | 37,000 | 37,000 | 31,355.89 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| | Phase II-62 Building Lots | | N.A. | 538,000 | 446,610.24 | Sale approved [Docket No. 460] Sale closed 10/1/13 |
| 21 | Cedar Fort Land (Fairfield)-8 acres | Fairfield, UT | 24,000 | 25,000 | 22,274.21 | Sale at auction approved [Docket No. 458] Sale closed 11/14/13 |
| 22 | Expressway Business Park | Spanish Fork, UT | | | | |
| | Unit #109 | | N.A. | N.A. | N.A. | No equity; Court approved release to lender [Docket No. 241] |
| | Unit #305 | | 65,000 | 69,000 | 55,840.79 | Court approved sale at auction [Docket No. 270] Sale closed 6/27/13 |
| | Unit #204 | | N.A. | N.A. | N.A. | No equity; Court approved release to lender [Docket No. 364] |
| | Unit #215 | | N.A. | 127,500 | 112,965.27 | Sale approved at auction [Docket No. 393] Sale closed 10/30/13 |
| 24 | Gooseberry Cabin | Fairview, UT | N.A. | N.A. | N.A. | No equity; Court approved release to lender [Docket No. 125] |
| 25 | Almond Heights-21 Building Lots | Toquerville, UT | 842,000 | | | |
| | Lot #F | | 32,300 | 31,000 | 24,733.41 | Sale approved [Docket No. 988] Sale closed 8/24/15 |
| | Lot #7 | | 38,000 | 32,000 | 29,388.95 | Sale approved [Docket No. 829]. Sale closed 12/18/14 |
| | Lot #10 | | 38,950 | 36,000 | 30,552.54 | Sale approved [Docket No. 906] Sale closed 3/31/15 |
| | Lot #11 | | 37,050 | 32,000 | 6,788.12 | Sale approved [Docket No. 829]. Sale closed 12/16/14 |
| | Lot #12 | | 38,000 | 32,000 | 6,787.90 | Sale approved [Docket No. 829]. Sale closed 12/16/14 |
| | Lot #13 | | 37,050 | 32,000 | 6,787.75 | Sale approved [Docket No. 829]. Sale closed 12/16/14 |
| | Lot #17 | | 30,400 | 24,000 | 21,752.44 | Sale approved [Docket No. 829]. Sale closed 12/11/14 |
| | Lot #23 | | 31,350 | 24,000 | 20,346.06 | Sale approved [Docket No. 998]. Sale closed 9/4/15 |
| | Lot #24 | | 33,250 | 31,000 | 26,672.24 | Sale approved [Docket No. 998]. Sale closed 9/4/15 |
| | Lot #25 | | 35,150 | 34,000 | 29,216.54 | Sale approved [Docket No. 951] Sale closed 5/21/15 |
| | Lot #26 | | 34,200 | 32,000 | 27,151.02 | Sale approved [Docket No. 829]. Sale closed 12/17/14 |
| 26 | Kanab Home | Kanab, UT | 199,000 | 197,000 | 18,162.90 | Sale approved [Docket No. 746]. Sale closed 9/4/14 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 27 | Farrell Business Park-12 Units | Gilbert, AZ | | | | |
| | Unit 103 | | 76,631 | 101,631 | 83,997.05 | Court approved sale at auction [Docket No. 202] Sale closed 5/31/13 |
| | Unit 104 | | 76,631 | 101,631 | 83,997.05 | Court approved sale at auction [Docket No. 202] Sale closed 5/31/13 |
| | Unit 105 | | 80,000 | 92,000 | 70,392.98 | Court approved sale at auction [Docket No. 203] Sale closed 5/21/13 |
| | Unit 106 | | 80,000 | 97,000 | 74,832.11 | Court approved sale at auction [Docket No. 204] Sale closed 6/7/13 |
| | Unit 107 | | 80,000 | 90,000 | 67,699.81 | Court approved sale at auction [Docket No. 205] Sale closed 6/7/13 |
| | Unit 109 | | 80,000 | 80,000 | 59,194.91 | Court approved sale at auction [Docket No. 206] Sale closed 5/16/13 |
| | Unit 110 | | 80,000 | 80,000 | 59,194.91 | Court approved sale at auction [Docket No. 206] Sale closed 5/16/13 |
| | Unit 111 | | 80,000 | 80,000 | 59,194.92 | Court approved sale at auction [Docket No. 206] Sale closed 5/16/13 |
| | Unit 113 | | 80,000 | 107,000 | 85,094.45 | Court approved sale at auction [Docket No. 207] Sale closed 6/3/13 |
| | Unit 114 | | 80,000 | 107,000 | 85,094.45 | Court approved sale at auction [Docket No. 207] Sale closed 6/3/13 |
| | Unit 115 | | 80,000 | 80,000 | 59,288.00 | Court approved sale at auction [Docket No. 208] Sale closed 6/11/13 |
| | Unit 116 | | 80,000 | 80,000 | 59,288.00 | Court approved sale at auction [Docket No. 208] Sale closed 6/11/13 |
| 28 | Clearview Business Park-8 Units | Mesa, AZ | 415,954 | 737,000 | 591,295.43 | Court approved sale at auction [Docket No. 177] Sale closed 5/10/13 |
| 29 | Bear Grove Industrial Park-8 Lots | Byron, MN | 1,675,200 | | | Property is listed for sale with broker; property encumbered by bond |
| | Parcel #8516 | | 281,500 | 210,000 | 10,000.00 | Sale approved [Docket No. 853]. Sale closed 3/27/15 |
| | Parcel #8509 | | 156,700 | 149,000 | 98,795.03 | Sale approved [Docket No. 849]. Sale closed 3/16/15 |
| | Parcel #8512 | | 305,000 | 235,000 | 6,500.00 | Sale approved [Docket No. 854]. Sale closed 3/6/15 |
| | Parcel #6060 | | 340,000 | 235,000 | 10,000.00 | Sale approved [Docket No. 875]. Sale closed 3/24/15 |
| | Lot 3, Block 1 (Parcel #8510) | | 149,500 | 149,500 | 95,340.47 | Sale approved [Docket No. 989] Sale closed 9/30/15 |
| 30 | Georgia Single Family Residence | Temple, GA | 135,000 | 125,000 | 106,843.83 | Sale approved [Docket No. 553] Sale closed 1/10/14 |
| 31 | Chicago Single Family Residence | Chicago, IL | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| 32 | Cleveland Single Family Residence | Cleveland, OH | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| 33 | Cleveland Building Lot | Cleveland, OH | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| 34 | Toledo Single Family Residence | Toledo, OH | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| | Total | | 7,824,816.00 | 7,678,083.92 | 5,843,694.89 | |

# EXHIBIT B

Wayne Klein, Receiver for National Note of Utah
10 Exchange Place, Ste. 502
Salt Lake City, UT 84111
801-456-4593

# STANDARDIZED FUND ACCOUNTING REPORT

Civil – Receivership Fund

Fund Name: SEC v. National Note of Utah
Civil Court Docket No. 2:12-CV-00591 BSJ

Reporting Period 01/01/2016 to 03/31/2016

## Standardized Fund Accounting Report for National Note of Utah - Cash Basis

Receivership; Civil Court Docket No. 2:12-CV-00591 BSJ

Reporting Period 01/01/2016 to 03/31/2016

Fund Accounting (See Instructions):

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 01/01/2016): | $5,610,940.56 | | |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | $0.00 | | |
| Line 3 | Cash and Securities | $0.00 | | |
| Line 4 | Interest/Dividend Income | $831.39 | | |
| Line 5 | Business Asset Liquidation | $662,188.50 | | |
| Line 6 | Personal Asset Liquidation | $0.00 | | |
| Line 7 | Third-Party Litigation Income | $290,911.99 | | |
| Line 8 | Miscellaneous - Other | $55,487.31 | | |
| | Total Funds Available (Lines 1 - 8) | | $6,620,359.75 | |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | $0.00 | | |
| Line 10 | Disbursements for Receivership Operations | | | |
| Line 10a | *Disbursements to Receiver or Other Professionals* | $51,866.60 | | |
| Line 10b | *Business Asset Expenses* | $58,741.25 | | |
| Line 10c | *Personal Asset Expenses* | $0.00 | | |
| Line 10d | *Investment Expenses* | $0.00 | | |
| Line 10e | *Third-Party Litigation Expenses* | | | |
| | 1. Attorney Fees | $65,240.00 | | |
| | 2. Litigation Expenses | $8,760.30 | | |
| | *Total Third-Party Litigation Expenses* | $74,000.30 | | |
| Line 10f | *Tax Administrator Fees and Bonds* | $100.00 | | |
| Line 10g | *Federal and State Tax Payments* | $0.00 | | |
| | **Total Disbursements for Receivership Operations** | $184,708.15 | | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | *Distribution Plan Development Expenses:* | | | |
| | 1. Fees: | $0.00 | | |
| | Fund Administrator | | | |
| | Independent Distribution Consultant (IDC) | | | |
| | Distribution Agent | | | |
| | Consultants | | | |
| | Legal Advisers | | | |
| | Tax Advisers | | | |
| | 2. Administrative Expenses | $0.00 | | |
| | 3. Miscellaneous | $0.00 | | |
| | *Total Plan Development Expenses* | $0.00 | | |
| Line 11b | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | $0.00 | | |
| | Fund Administrator | | | |
| | IDC | | | |
| | Distribution Agent | | | |

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | Consultants | | | |
| | Legal Advisers | | | |
| | Tax Advisers | | | |
| | 2. Administrative Expenses | $0.00 | | |
| | 3. Investor Identification: | $0.00 | | |
| | Notice/Publishing Approved Plan | | | |
| | Claimant Identification | | | |
| | Claims Processing | | | |
| | Web Site Maintenance/Call Center | | | |
| | 4. Fund Administrator Bond | $0.00 | | |
| | 5. Miscellaneous | $0.00 | | |
| | 6. Federal Account for Investor Restitution | $0.00 | | |
| | (FAIR) Reporting Expenses | $0.00 | | |
| | *Total Plan Implementation Expenses* | $0.00 | | |
| | **Total Disbursements for Distribution Expenses Paid by the Fund** | $0.00 | | |
| Line 12 | **Disbursements to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | $0.00 | | |
| Line 12b | *Federal Tax Payments* | $0.00 | | |
| | **Total Disbursements to Court/Other** | $0.00 | | |
| | **Total Funds Disbursed (Lines 9 - 12):** | | $184,708.15 | |
| Line 13 | **Ending Balance (As of 03/31/2016):** | | | $6,435,651.60 |
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | *Cash & Cash Equivalents* | $6,435,651.60 | | |
| Line 14b | *Investments* | $0.00 | | |
| Line 14c | *Other Assets or Uncleared Funds* | $0.00 | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $6,435,651.60 |

| Other Supplemental Information: | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | *Report of Items NOT To Be Paid by the Fund:* | | | |
| Line 15 | **Disbursements for Plan Administration Expenses Not Paid by the Fund:** | | | |
| Line 15a | *Plan Development Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | $0.00 | | |
| | Fund Administrator | | | |
| | IDC | | | |
| | Distribution Agent | | | |
| | Consultants | | | |
| | Legal Advisers | | | |
| | Tax Advisers | | | |
| | 2. Administrative Expenses | $0.00 | | |
| | 3. Miscellaneous | $0.00 | | |
| | *Total Plan Development Expenses Not Paid by the Fund* | $0.00 | | |
| Line 15b | *Plan Implementation Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | $0.00 | | |

|  |  |  |  |
|---|---|---|---|
|  | Fund Administrator |  |  |
|  | IDC |  |  |
|  | Distribution Agent |  |  |
|  | Consultants |  |  |
|  | Legal Advisers |  |  |
|  | Tax Advisers |  |  |
|  | 2. Administrative Expenses | $0.00 |  |
|  | 3. Investor Identification: | $0.00 |  |
|  | Notice/Publishing Approved Plan |  |  |
|  | Claimant Identification |  |  |
|  | Claims Processing |  |  |
|  | Web Site Maintenance/Call Center |  |  |
|  | 4. Fund Administrator Bond | $0.00 |  |
|  | 5. Miscellaneous | $0.00 |  |
|  | 6. FAIR Reporting Expenses | $0.00 |  |
|  | *Total Plan Implementation Expenses Not Paid by the Fund* | $0.00 |  |
| Line 15c | *Tax Administrator Fees and Bonds Not Paid by the Fund* | $0.00 |  |
|  | **Total Distributions for Plan Administration Expenses Not Paid by the Fund** | $0.00 |  |
|  |  |  |  |
| Line 16 | Disbursements to Court/Other Not Paid by the Fund: |  |  |
| Line 16a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | $0.00 |  |
| Line 16b | *Federal Tax Payments* | $0.00 |  |
|  | **Total Disbursements to Court/Other Paid by the Fund:** | $0.00 |  |
| Line 17 | DC & State Tax Payments | $0.00 |  |
| Line 18 | No. of Claims: |  |  |
| Line 18a | *# of Claims Received This Reporting Period* | 3 |  |
| Line 18b | *# of Claims Received Since Inception of Fund* | 467 |  |
| Line 19 | No. of Claimants/Investors: |  |  |
| Line 19a | *# of Claimants/Investors Paid This Reporting Period* | 0 |  |
| Line 19b | *# of Claimants/Investors Paid Since Inception of Fund* | 0 |  |

Receiver: National Note of Utah, LC

By: _Wayne Klein_
(signature)

_Wayne Klein_
(printed name)

_Receiver_
(title)

Date: April 28, 2016