Peggy Hunt (Utah State Bar No. 6060)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com

*Attorneys for Court-Appointed Receiver R. Wayne Klein*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>NATIONAL NOTE OF UTAH, LC, a Utah Limited Liability Company and WAYNE LaMAR PALMER, and individual,<br><br>Defendants. | EIGHTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM APRIL 1, 2016 THROUGH JUNE 30, 2016<br><br>2:12-cv-00591 BSJ<br><br>The Honorable Bruce S. Jenkins |

In accordance with the *Order Appointing Receiver and Staying Litigation* (the "Receivership Order"),[1] R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of National Note of Utah, LC ("National Note" or "NNU"), as well as certain subsidiaries and entities affiliated with National Note, and the assets of Wayne LaMar Palmer ("Palmer"), collectively, the "Receivership Entities" hereby submits this eighth interim "Fee Application," seeking approval by the Court of fees and expenses incurred by the Receiver, the Receiver's forensic accountants, Klein and Associates, PLLC ("Klein and Associates"), and the Receiver's legal counsel, Dorsey & Whitney LLP ("Dorsey"), for the period of April 1, 2016 through June

---

[1] Docket No. 9.

30, 2016 (the "Application Period"), and authorization to pay all authorized fees and expenses from unencumbered funds of the Receivership Estate. The Receiver and Klein and Associates are seeking approval of fees in the total amount of $39,770.00, and Dorsey is seeking approval of fees in the total amount of $103,326.75 and expense reimbursement in the amount of $1,762.92.

This Fee Application was provided to the United States Securities and Exchange Commission ("SEC") for review, comment and objection prior to filing. The SEC has reviewed the Fee Application and the Receiver understands that there is no objection by the SEC to relief sought herein.

In support hereof, the Receiver states as follows.

## I. BACKGROUND

1. On June 25, 2012, this case was commenced by the SEC against Defendants Palmer and National Note in this Court. The SEC alleges, among other things, that Defendants Palmer and National Note engaged in securities fraud and operated a scheme that took over $100 million from more than 600 investors.

2. The SEC filed several *ex parte* motions on June 25, 2012, all of which were granted by the Court. In particular, the Court entered the Receivership Order, appointing the Receiver and authorizing the Receiver to employ professionals to assist him with his duties.[2]

3. Upon his appointment, and in accordance with the Receivership Order, the Receiver employed the Dorsey as his legal counsel and Klein and Associates as his forensic accountants, and such retention was approved by the Court.[3] Neither the Receiver nor any of his

---

[2] Receivership Order ¶ 58.

[3] Docket No. 14 (Order Authorizing Receiver to Employ Professionals).

professionals have entered into an any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

4. On December 9, 2013, the Court entered an Order approving the Receiver's first *Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from June 25, 2012 Through December 31, 2012*,[4] allowing and authorizing payment of $320,914.50 to Klein & Associates, and $103,730.75 to Dorsey for fees and services rendered during the applicable period, and payment of $38,841.94 to Klein & Associates, and $1,599.82 to Dorsey for reimbursement of out of pocket expenses for the same period. These fees and costs have been paid by the Receiver as allowed pursuant to the Court's Order.

5. On July 9, 2014 the Court entered an Order approving the Receiver's *Second Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from January 1, 2013 Through June 30, 2013*,[5] allowing and authorizing payment of $354,736.80 in fees for services to Klein & Associates, and $254,457.25 to Dorsey for fees for services rendered during the applicable period, and payment of $3,659.48 to Klein & Associates, and $12,089.48 to Dorsey for reimbursement of out of pocket expenses for the same period. These fees and costs have been paid by the Receiver as allowed pursuant to the Court's Order.

6. On December 4, 2014 the Court entered an Order approving the Receiver's *Third Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from*

---

[4] Docket No. 555.

[5] Docket No. 697.

*July 1, 2013 Through December 31, 2013*,[6] allowing $311,939.60 in fees for services to Klein & Associates, and $301,985.50 to Dorsey for fees for services rendered during the applicable period, and payment of $17,244.36 to Dorsey for reimbursement of out of pocket expenses for the same period. The Order authorized the Receiver to pay all fees and expenses, except that 20% of all allowed fees were to be held back pending further order of the Court. These fees and costs (excepting the holdback amounts) have been paid by the Receiver as allowed pursuant to the Court's Order. The held back fees are being separately held by the Receiver.

7. On August 28, 2015 the Court entered an Order approving the Receiver's *Fourth Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from January 1, 2014 Through December 31, 2014*,[7] allowing $351,829.00 in fees for services to Klein & Associates, and $431,164.50 to Dorsey for fees for services rendered during the applicable period, and payment of $30,149.94 to Dorsey for reimbursement of out of pocket expenses for the same period. The Order authorized the Receiver to pay all fees and expenses, and these amounts have been paid.

8. On November 12, 2015, the Court entered an Order approving the Receiver's *Fifth Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from January 1, 2015 Through June 30, 2015*,[8] allowing $125,790.50 in fees for services to Klein & Associates, and $254,063.50 to Dorsey for fees for services rendered during the applicable period, and payment of $14,354.36 to Dorsey for reimbursement of out of pocket

---

[6] Docket No. 828.

[7] Docket No. 954.

[8] Docket No. 1013.

expenses for the same period. The Order authorized the Receiver to pay all fees and expenses, and these amounts have been paid.

9. On March 14, 2016 the Court entered an Order approving the Receiver's *Sixth Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from July 1, 2015 Through September 30, 2015* as modified,[9] allowing $51,867.50 in fees for services to Klein & Associates, and $65,240.00 to Dorsey for fees for services rendered during the applicable period, and payment of $8,760.30 to Dorsey for reimbursement of out of pocket expenses for the same period. The Order authorized the Receiver to pay all fees and expenses, and these amounts have been paid.

10. On June 14, 2016 the Court entered an Order approving the Receiver's *Seventh Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from October 1, 2015 Through March 31, 2016* as modified,[10] allowing $129,552.50 in fees for services to Klein & Associates, and $180,037.13 to Dorsey for fees for services rendered during the applicable period, and out of pocket expenses for the same period. The Order authorized the Receiver to pay all fees and expenses, and these amounts have been paid.

11. During the present Application Period, the Receiver and his professionals have provided actual and necessary services for the benefit of the Receivership Estate which are set forth in greater detail below. The Receiver respectfully submits that the fees and expenses requested in the Fee Application are reasonable and should be approved.

---

[9] Docket No. 1055.

[10] Docket No. 1168.

12. As noted above, the Receiver submitted the Fee Application to the SEC for review, comment and objection prior to filing. The SEC has reviewed the Fee Application informed the Receiver that it has no objection to the fees and expenses requested herein.

## II. SERVICES PERFORMED

13. To date, the Receiver has filed the following reports with the Court: *Initial Report and Liquidation Plan*, which includes a status report for the period of June 25, 2012 through September 30, 2012;[11] *Second Status Report* for the period of October 1, 2012 through December 31, 2012;[12] *Third Status Report* for the period of January 1, 2013 through March 31, 2013;[13] *Fourth Status Report* for the period of April 1, 2013 through June 30, 2013;[14] *Fifth Status Report* for the period of July 1, 2013 through September 30, 2013;[15] *Sixth Status Report* for the period of October 1, 2013 through December 31, 2013;[16] *Seventh Status Report* for the period of January 1, 2014 through March 31, 2014;[17] *Eighth Status Report* for the period of April 1, 2014 through June 30, 2014;[18] *Ninth Status Report* for the period of July 1, 2014 to September

---

[11] Docket No. 73.

[12] Docket No. 170.

[13] Docket No. 288.

[14] Docket No. 408.

[15] Docket No. 510.

[16] Docket No. 598.

[17] Docket No. 639.

[18] Docket No. 710.

30, 2014;[19] *Tenth Status Report* for the period of October 1, 2014 to December 31, 2014;[20] *Eleventh Status Report* for the period of January 1, 2015 to March 31, 2015;[21] the *Twelfth Status Report* for the period of April 1, 2015 to June 30, 2015;[22] the *Thirteenth Status Report* for the period of July 1, 2015 to September 30, 2015;[23] the *Fourteenth Status Report* for the period of October 1, 2015 through December 31, 2015;[24] the *Fifteenth Status Report* for the period of January 1, 2016 through March 31, 2016;[25] and the *Sixteenth Status Report* for the period of April 1, 2016 through June 30, 2016 (the "Sixteenth Status Report").[26] These Status Reports provide a comprehensive description of the services performed by the Receiver and his professionals and are incorporated herein by reference.

14. The efforts of the Receiver and his professionals giving rise to the fees and costs incurred during and requested for this Application Period are detailed in the Sixteenth Status Report, which is incorporated herein by reference.

15. In general, during the Application Period, the Receiver and his professionals primarily provided services related to the following:

---

[19] Docket No. 808.

[20] Docket No. 889.

[21] Docket No. 955.

[22] Docket No. 979.

[23] Docket No. 1045.

[24] Docket No. 1070.

[25] Docket No. 1127.

[26] Docket No. 1177.

A. <u>Litigation</u>: Significant assets of the Receivership Estate include avoidance and loan collection claims against a variety of parties, as well as claims to invalidate "Assignments of Beneficial Interest" ("<u>ABIs</u>") recorded against many of the Receivership Estate's real properties. In June 2013, the Receiver commenced approximately 140 lawsuits (collectively, the "<u>Ancillary Proceedings</u>") related to the avoidance claims, and in August 2014, he also commenced a declaratory action against over 100 ABI holders, seeking a judgment declaring the 349 ABIs to be invalid and unenforceable (the "<u>ABI Suit</u>"). All efforts in liquidating these claims have focused on minimizing expense while maximizing the value of property for the Receivership Estate.

As of the end of the Application Period, as a result of the Receiver's efforts, the Ancillary Proceedings and the ABI Suit have been advanced as follows. At the close of the last application period, seven of the 140 Ancillary Proceedings filed remained open. At the end of this Application Period, only four remain inasmuch as the Receiver obtained judgments in three Proceedings totaling over $25,000.00.[27] Additionally, out of the 349 ABIs asserted, only six remain. At present, five summary judgment motions have been argued and submitted to the Court. After defaulting but before the entry of a default judgment, the last ABI defendant filed a petition seeking relief under Chapter 7 of the Bankruptcy Code. During the Application Period, the Receiver has provided services working with the trustee in that bankruptcy case. It is anticipated that the Receiver will be in a position to request the entry of the default judgment shortly.

B. <u>Disposition of Assets</u>: The Receiver and his professionals attended to all

---

[27] *See* Sixteenth Status Report, pp. 8-9.

aspects of disposing of personal and real property assets during the Application Period. Efforts in this regard are focused on minimizing expense while maximizing the value of the Receivership Estate. During the Application Period the Receiver and his professionals have evaluated properties for sale, marketed properties, negotiated sales, obtained Court approval of purchase offers, attended to issues of conducting public sales (where applicable), and closed sales.

As of end of the Application Period, the Receiver had closed the sale of a vacant industrial building lot located in Byron, Minnesota. After the payment of significant back taxes and customary closing costs, the Receivership Estate received $30,019.74. During the Application Period, the Receiver also filed a motion seeking approval of a public sale of an 85-acre parcel of land located in Fairfield, Utah. Finally, after significant negotiation, the Receiver filed a motion seeking Court approval of one of three proposals for the disposition of property known as the "Expressway Business Park" land.

C. <u>Claims Process</u>: The bar date to file proofs of claim in this case expired on November 3, 2015. A total of 467 Proofs of Claim were submitted to the Receiver, and the Receiver's services in this area during the Application Period have included filing motions requesting Court approval of the Receiver's recommendations as to the allowance or disallowance of those Proofs of Claim; communicating with claimants related to his recommendations; responding to objections filed in response to his recommendations; attending court hearings on the various motions; drafting orders on claims motions; and engaging in discovery and settlement negotiations related to one

9

disputed late-filed claim. As of the end of the Application Period, the claims process has been nearly concluded. Out of the 467 Proofs of Claims submitted, only ten disputed Proofs of Claim remained unresolved. Four of those Proofs of Claim are held by ABI holders, and disputes related to their Proofs of Claim will remain open until the conclusion of the ABI Suit. Disputes pertaining to the remaining six Proofs of Claim have now been resolved, and orders have been submitted to the Court.

D. <u>Administration of the Receivership Estate</u>: The Receiver and his professionals have incurred fees and expenses in administering other aspects of the Receivership Estate, including at least the following: preparing and filing necessary reports with the Court; maintaining bank accounts and books and records of the Receivership Estate; receiving funds; making payments necessary to preserve assets; communicating with investors and others; providing assistance to investors seeking tax reductions based on their investment losses; otherwise responding to investor inquiries; and, when requested, providing information to relevant governmental authorities.

16. Through the actual and necessary work of the Receiver and his professionals, the Receiver has provided considerable benefit to the Receivership Estate.

### III. BANK ACCOUNTS OF THE RECEIVERSHIP ESTATE

17. The Receivership Estate currently has two bank accounts, designated as an "<u>Operating Account</u>" and a "<u>Real Estate Account</u>". The Operating Account holds funds that are free and clear of any interests, and as of June 30, 2016, this Account had a balance in the total amount of $5,083,254.55. The Real Estate Account holds the net sale proceeds that have been obtained from the liquidation of real property against which liens or ABIs have been recorded

and not yet released or found invalid, and as of June 30, 2016, this Account had a balance in the total amount of $960,716.92. Pursuant to the Court's *Order Approving the Receiver's Third Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from July 1, 2013 Through December 31, 2013*,[28] the Receiver has established a separate savings account tied to the Operating Account in which he is holding 20% of the approved professional fees incurred by him and his counsel. Money to open this account was transferred from the Operating Account. This account has a current balance of $122,779.07.

18. If the Court approves this Fee Application, the Receiver would pay the approved fees and expenses from the Operating Account. Given the amount requested, the Operating Account has sufficient funds to pay these fees and expenses.

### IV. REQUEST FOR COURT APPROVAL OF FEES AND EXPENSES

#### The Receivership Order and Request

19. The Receivership Order provides, in relevant part, that:

> 59. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.
>
> 60. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the
>
> Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application,

---

[28] Docket No. 828.

> together with all exhibits and relevant billing information in a format to be provided by Commission staff.
>
> 61. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. . . .
>
> 62. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. . . .[29]

20. The Receiver now respectfully requests that the Court enter an Order approving on an interim basis and authorizing payment from the Receivership Estate of the reasonable compensation and expenses outlined herein for the Application Period of April 1, 2016 through June 30, 2016 in the amounts set forth below.

Summary of Supporting Exhibits

21. This Fee Application is supported by the following documents:

- **Exhibit A** includes summaries of the fees incurred for each of the billing matters:
    - <u>Exhibit A-1</u> contains a summary of the fees of the Receiver and Klein & Associates; and
    - <u>Exhibit A-2</u> contains a summary of Dorsey's fees and expenses, with corresponding cross references to the relevant portion of Exhibit B-2 that contains more detailed time records.

- **Exhibit B** includes detailed invoices setting forth the contemporaneous time records of services performed by the Receiver and Dorsey:
    - <u>Exhibit B-1</u> contains the Receiver and his firm's invoices; and

---

[29] Receivership Order ¶¶ 59-6.

- o Exhibit B-2 contains Dorsey's invoices for each matter opened with its contemporaneous time records as follows:
    - Exhibit B2-A: Case Administration – time billed to this matter includes legal services rendered in assisting the Receiver with his administration of the Receivership Estate.
    - Exhibit B2-B: Asset Disposition – time billed to this matter includes all legal services rendered in relation to the disposition of property of the Receivership Estate, including advising the Receiver on issues related to the Receivership Estate's interests in real property and marketing, preparing all necessary pleadings and notices necessary for private and public sales, preparing for and attending hearings on motions seeking approval of sale procedures and sales, and assisting the Receiver with issues related to the closing of sales and transfer of properties sold.
    - Exhibit B2-C: Claims Administration/Plan of Distribution – time billed to this matter includes legal services rendered to assist the Receiver with claims administration and a plan of distribution, including all litigation related to the allowance and disallowance of Proofs of Claims submitted to the Receiver.
    - Exhibit B2-D: Ancillary Proceedings – Dorsey has opened separate matters for each of the Ancillary Proceedings as well as the ABI Suit. A summary of these matters is included in Exhibit A-2 with

corresponding invoices for each matter attached in alphabetical order as <u>Exhibit B2-D</u>. Each of these matters was opened after a complaint was filed and served and services specific to the proceeding were first rendered. Dorsey professionals have billed time to individual matter numbers for services specifically related to each of the Ancillary Proceedings that have been filed and separate invoices have been generated for each of these matters.

- <u>Exhibit C</u> includes detail of actual out of pocket expenses incurred by Dorsey. All expenses for which reimbursement is sought are actual and necessary expenses that were incurred by Dorsey on behalf of the Receivership Estate. None of the expenses are billed at a premium, but rather are billed at Dorsey's actual cost.

<u>Summary of Fees and Expenses and Voluntary Reductions</u>

22. The fees and out-of-pocket expenses requested are summarized as follows:

|  | **RECEIVER AND KLEIN AND ASSOCIATES** | **DORSEY** |
|---|---|---|
| Fees | $ 41,812.50<br>($ 2,042.50)-voluntary reduction<br>$ 39,770.00 | $112,956.50<br>($ 9,629.75)-voluntary reduction<br>$103,326.75 |
| Expenses | $0.00 | $1,762.92 |
| **TOTAL** | $39,770.00 | $105,089.67 |

23. The amounts requested include voluntary reductions made by the respective professionals in an exercise of their billing judgment. Reductions are summarized as follows:

14

      A.    The Receiver and the staff of Klein & Associates actually billed 231.2 hours during the Application Period, which does not include an additional 14.3 hours of time which are not being billed, amounting to $2,042.50 in fees in unbilled time. *See* **Exhibit A-1**. The Receiver and Klein & Associates thus have made total voluntary reductions in the amount of $2,042.50.

      B.    In an exercise of its billing judgment, Dorsey has voluntarily reduced its actual billed fees in the total amount of $9,629.75. *See* **Exhibit A-2**. This reduction does not include the additional unbilled time of Ms. Hunt, which in many instances, has not been billed to oversee aspects of this case.

### Miscellaneous Issues

24.    The SEC has not requested a holdback of fees and expenses in this case. The Receiver respectfully submits that a further holdback of fees is not appropriate in this case because the Receiver and his professionals have voluntarily waived a significant amount of fees that were actually earned, a waiver has not been requested by the SEC, and the Receiver and his professionals already have deferred payment of significant amounts of their actual and necessary fees and expenses.

25.    The Receiver and his professionals understand that the authorization and payment of fees and expenses is interim in nature. All fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and final fee application.

26.    The amounts paid to Klein and Associates, PLLC for the work of the Receiver and his staff are not the rates actually paid to the Receiver and his staff. The billed rates are

higher than the amounts actually paid to the Receiver and his staff as the billed rates also cover operating expenses, overhead, non-billed work, and employee-related expenses.

27. In compliance with ¶ 60 of the Receivership Order, the Fee Application, including the invoices in **Exhibit B** and **Exhibit C**, were provided to the SEC and after review and comment, the SEC has no objection to the fees and expenses requested.

## V. CONCLUSION

28. The Receiver respectfully submits this Fee Application and requests that the Court enter an Order approving the actual and necessary fees and expenses incurred on behalf of and for the benefit of the Receivership Estate. For all of the reasons stated, the Receiver submits that he and his professionals have provided a significant benefit to the Receivership Estate. As a result of the services rendered during the Application Period, the Receiver has successfully administered some of the more challenging real estate holdings of the Receivership Estate, advanced a conclusion of the litigation of the Ancillary Proceedings and the ABI Suit, and significantly advanced the claims allowance process so as to allow for a plan of distribution to be proposed and approved.

29. There are sufficient funds in the Operating Account to pay the fees and expenses requested herein.[30]

30. Thus, the Receiver respectfully requests that the Court enter an Order approving this Fee Application, allowing the fees and expenses requested herein, and authorizing the Receiver's payment of the same. The Receiver and Klein and Associates are seeking approval of

---

[30] *See supra* Part III.

fees in the total amount of $39,770.00, and Dorsey is seeking approval of fees in the total amount of $103,326.75 and expense reimbursement in the amount of $1,762.92.

DATED this 24TH day of August, 2016.

*Wayne Klein*
R. Wayne Klein
*Receiver*

**DORSEY & WHITNEY LLP**

/s/Peggy Hunt
Peggy Hunt
*Attorneys for the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that the above **EIGHTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM APRIL 1, 2016 THROUGH JUNE 30, 2016** was filed with the Court on this 27th day of August, 2016, and served via ECF on all parties who have requested notice in this case.

_/s/ Candy Long_

## CERTIFICATE OF SERVICE – MAIL, OTHER

I hereby certify that on the 27th day of August, 2016, I caused to be served by regular first class United States Mail, postage fully paid, a true and correct copy of the **EIGHTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM APRIL 1, 2016 THROUGH JUNE 30, 2016** (without attached exhibits) to the following:

Wayne Palmer
8816 South 2240 West
West Jordan, Utah 84088

_/s/ Candy Long_

4843-9478-9430