Peggy Hunt (Utah State Bar No. 6060)
John J. Wiest (Utah State Bar No. 15767)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
       wiest.john@dorsey.com

*Attorneys for Court-Appointed Receiver R. Wayne Klein*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONAL NOTE OF UTAH, LC, a Utah Limited Liability Company and WAYNE LaMAR PALMER, and individual,<br><br>       Defendants. | **SEVENTEENTH STATUS REPORT OF R. WAYNE KLEIN, RECEIVER**<br>*For the Quarter Ending September 30, 2016*<br><br>2:12-cv-00591 BSJ<br><br>The Honorable Bruce S. Jenkins |

R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of National Note of Utah, LC ("National Note"), as well as certain subsidiaries and entities affiliated with National Note ("Related Entities"), and the assets of Wayne LaMar Palmer ("Palmer"), collectively, the "Receivership Entities" hereby submits this Seventeenth Status Report, for the period July 1, 2016 through September 30, 2016 (the "Reporting Period").

## I.

## PROCEDURAL HISTORY

This action (the "Civil Case") was commenced by the United States Securities and

Exchange Commission (the "SEC") on June 25, 2012, against Defendants Palmer and National Note by the filing of a Complaint in the United States District Court for the District of Utah (the "Court").[1] The Court held a trial on November 2, 2015. On November 30, 2015 the Court entered judgment against Palmer and National Note.[2]

On August 19, 2015, a grand jury criminal indictment was issued for Palmer and his cousin, Julieann Palmer Martin. They are charged with wire fraud, mail fraud, and money laundering. The criminal trial is scheduled to begin May 1, 2017.

## II.

## REAL ESTATE TRANSACTIONS

Attached hereto as **Exhibit A** is a chart setting forth the status of all real properties in the Receivership Estate as of September 30, 2016.  During the Reporting Period, the Receiver made progress in his efforts to sell properties in the Receivership Estate as discussed in further detail below.  A summary of the status of all unsold properties listed in Exhibit A not described below is included in the Receiver's *Sixteenth Status Report*.[3]

A.    **Real Property Sales Closed During the Reporting Period**. Two property sales were closed during the Reporting Period as follows:

1.    Fairfield Land. On June 28, 2016, the Court entered an Order approving the public sale of land in Fairfield, Utah.[4]  An auction was held on August 2, 2016. The bidding rose

---

[1] Docket No. 1.

[2] Docket No. 1043.

[3] Docket No. 1177

[4] Docket No. 1173

from $213,925.00 to $275,000.00. The sale closed on August 12, 2016. In total, the Receivership Estate received $242,656.49 in net sales proceeds.[5]

2. <u>Elkhorn Land</u>. On July 27, 2016, the Court entered an Order approving the public sale of 217 acres of land near Elkhorn Ridge in Oneida County, Idaho.[6] No higher and better offers were submitted for the property and, thus, the auction was canceled and the property was sold to the stalking horse bidder. The sale closed on September 9, 2016. In total, the Receivership Estate received $226,369.05 in net sales proceeds.[7]

**B.** **<u>Property Offers Subject to Court Approval</u>**. The disposition of two additional properties were proposed to the Court during the Reporting Period:

1. <u>Expressway Business Park</u>. On May 6, 2016, the Receiver filed a *Motion Requesting Authorization Regarding Method of Disposition of Expressway Business Park Land and Memorandum in Support*,[8] seeking Court approval related to industrial land located in Spanish Fork, Utah. A hearing on the Motion was held on June 8, 2016, and the Court instructed the Receiver to obtain additional information about the property. On August 16, 2016, the Receiver filed a *Supplement*[9] to the Motion, and the matter is currently pending before the Court.

2. <u>Toquerville Lots</u>. On August 15, 2016, the Receiver filed a *Motion Requesting Order Approving (1) Public Sale of Property Free and Clear of Interests, (2) Method*

---

[5] *See* Docket No. 1190 (*Receiver's Notice of Public Sale Results*).

[6] Docket No. 1173.

[7] *See* Docket No. 1204 (*Receiver's Notice of Public Sale Results*).

[8] Docket No. 1131.

[9] Docket No. 1189.

*and Form of Publication Notice, and (3) Public Auction Procedures and Memorandum in Support (Almond Heights Lots 21 & 22),*[10] seeking Court approval for the sale of two Almond Heights subdivision building lots located in Toquerville, Utah.  The proposed sale recommended the sale of the property at public auction based on a bid by a stalking horse bidder at a significant discount from the appraised value of the lots because the Receiver had determined that the lots were not buildable.  A hearing on this Motion was held on August 22, 2016, and the Court denied the Motion without prejudice, instructing the Receiver to obtain independent expert verification that the lots are not buildable. The Receiver has engaged a civil engineer from Washington County, Utah to evaluate this issue, and is awaiting a report.

C.    <u>**Tax Valuation Reduction**</u>. The Utah County Treasurer assigned a value of $2,109,000.00 to the Expressway Business Park for purposes of 2016 tax assessment.  Based on the Receiver's request, the County Treasurer agreed to lower that valuation by $794,000.00, to $1,315,000.00.

### III.

### <u>REAL ESTATE INTERESTS</u>

A.    <u>**Assignments of Beneficial Interest ("ABIs")**</u>. The Receiver filed a number of lawsuits seeking a judgment that ABIs afforded to certain investors by National Note prior to his appointment were invalid, which lawsuits were consolidated into one action (the "<u>ABI Action</u>").[11] Many of the ABIs held by defendants in ABI Action have been released pursuant to agreement or

---

[10] Docket No. 1187.

[11] *Klein v. Adams*, Civil No. 2:14-CV00614 (D. Utah) (Jenkins, J.).

4

have been invalidated by the entry of default judgments. At the commencement of the Reporting Period, six ABIs remained in question. At this time, only five ABIs remain because the Court entered a default judgment during the Reporting Period declaring the ABI held by defendant Terry Stallman to be invalid.[12] The face amount of the remaining ABIs is $1,250,000.00, and those ABIs currently show as interests against Expressway Business Park and Farrell Business Park, or the net sale proceeds of those properties. Motions for summary judgment as to the validity of the remaining five ABIs have been fully briefed and argued. The Court currently has those Motions under advisement.

     **B.**    **Deeds of Trust**. Of the thirteen properties on which deeds of trust had been recorded at the time of the Receiver's appointment, all deeds of trust have been satisfied or released except as to the two properties noted below.

       1.    <u>Overland Trails, Eagle Mountain, Utah</u>: There are six deeds of trust remaining and recorded against this property, claiming to secure a total of $252,136.91 in debt. The Receiver does not believe that all of these deeds of trust are valid, but he is attempting to sell the property before incurring expense to dispute the interests. The Receiver is actively marketing this property, but at this time it is unclear whether there will be equity for the Receivership Estate.

       2.    <u>Expressway Business Park, Spanish Fork, Utah</u>: There are three deeds of trust remaining and recorded against this property, which are held by Westar Equities, Jeff Sessions, and Evolution Holdings. Westar Equities maintains that it is owed the principal amount of $9,634.30 plus accrued interest. The deed interests of Sessions and Evolution Holdings are in

---

[12] ABI Action, Docket No. 524.

unspecified amounts, but the Receiver believes that the purported debts relate to tenant improvements that were promised by National Note but never completed. Because the Receiver believes that National Note holds a superior lien that was effective before the dates of the deeds of trust given to Sessions and Evolution Holdings, the Receiver intends to contest the Sessions and Evolution Holdings deeds of trust.

## IV.

## ASSET RECOVERY AND DISPOSITION

**A.**   **Star Point Development**. One of the assets belonging to the Receivership Estate is a 32% interest in Star Pointe Development, LLC. The Receiver recently learned that the South Jordan Redevelopment Agency has been providing property tax rebates, called "tax increments," relating to real estate that had been owned by Star Pointe Development, LLC. The Receiver is investigating whether some of the tax increment payments should be paid to the Receivership Estate. The Receiver may need to file suit to obtain these funds.

**B.**   **Mineral Ore**. The Receivership Estate included interests in Utah limited liability companies Homeland Minerals, LLC and Freedom Minerals, LLC, which held interests in certain mineral ore.  Prior to the Receiver's appointment, National Note had represented to investors that the ore was worth as much as $2 billion. Certain National Note investors strongly believed that commercially valuable minerals could be extracted from the ore.  Thus, in 2012, the Receiver entered into a *Management Agreement* with HMI Management LLC ("HMI") to allow HMI to explore commercial extraction of minerals from the ore.  Under the Agreement, HMI advanced all costs involved in this project, including storage costs for the ore and research costs involved in extracting metals from the ore.  If minerals were extracted, the Receivership Estate would receive

a share of net profits.  In July 2015, at the suggestion of the Court, the Receiver received an appraisal of metals in the ore.  Although the appraisal gave a gross value of approximately $58,000.00, the appraisal stated that the costs of extracting and purifying the metals would consume that value.  In the meantime, HMI provided documentation to the Receiver evidencing that HMI had expended in excess of $200,000.00 in its attempts to realize value from the ore.  Given these facts, by letter dated July 13, 2016, the Receiver gave written notice to HMI pursuant to the Management Agreement that he was terminating the Agreement, relinquishing title to the ore to HMI, and abandoning any interest in any profits that HMI may recover – which he believes, based on the appraisal and the development work performed by HMI, will be none.  HMI will not be entitled to any claim for its costs and the Receivership Estate will not need to deal with disposing of what the Receiver believes is property that has no value for the Receivership Estate.  This termination has been accepted by HMI.  The Receiver has posted notice of this termination on his website and is herein giving notice to the Court of this matter.

      **C.**    **Equipment Sales**.  The Receiver sold several pieces of shelving and a file cabinet that belonged to National Note, netting $131.00.

**V.**

**LITIGATION**

In addition to the ABI Action discussed in Part III.A above, the Receiver filed approximately 140 lawsuits to recover transfers made by National Note and its affiliated entities (the "Avoidance Actions").  As reported in an earlier Status Report, most of these Avoidance Actions have been resolved.  As of the last Report, only four actions remained and the Receiver was in the process of requesting dismissal of the action against Victor Wagner and his affiliated

7

companies as a result of a bankruptcy discharge.[13]  At the close of this Reporting Period, only one

of the four matters remains unresolved, and one matter that was reported as resolved in the

Sixteenth Status Report,[14] is now the subject of an appeal.  The action against Victor Wagner now

has been dismissed.[15]  The remaining matters are discussed below.

      A.    <u>**Avoidance Lawsuits Resolved During Reporting Period**</u>.  During the Reporting

Period, one matter remains pending as a result of a bankruptcy filing and the other three pending

matters were resolved.  A summary is as follows:

      1.    <u>Christy Palmer</u>.[16]  Mrs. Palmer filed a petition seeking relief under Chapter

13 of the Bankruptcy Code in the District of Utah on November 4, 2015, and this case converted to

Chapter 7 on December 10, 2015.  This is Mrs. Palmer's second bankruptcy case – her first was

dismissed when she failed to appear at her meeting of creditors.  As a result of bankruptcy filing,

the Receiver's avoidance action against Mrs. Palmer has been stayed.  The Chapter 7 Trustee

notified creditors of her intent to administer the Chapter 7 case and requested that creditors file

proofs of claim in the bankruptcy case.  On August 31, 2016, the Receiver timely filed a Proof of

Claim, asserting the same unliquidated claim asserted in the avoidance action pending in this

Court.

---

[13] *See* Docket No. 1177 (Sixteenth Status Report, pp. 8-10).

[14] *Id.,* p. 9.

[15] *Klein v. Victor Wagner, et al.*, Civil No. 2:13CV0557 (D. Utah) (Shelby, J.) (Order of dismissal entered on Sept. 21, 2016).

[16] *Klein v. Palmer*, Civil No. 2:13CV-00581 (D. Utah) (Wells, M.J.).

2.     <u>Fred Myer</u>.[17]  On August 1, 2016, the Court entered an Order approving a settlement agreement between the Receiver and Mr. Myer under which Mr. Myer agreed to pay $2,000.00 to the Receivership Estate.  This payment has been made, and the lawsuit against Mr. Myer has been dismissed.

3.     <u>Joel Blakeslee and the Blakeslee Living Trust</u>.[18]  An Order granting summary judgment in favor of the Receiver and against defendant Blakeslee Living Trust was entered in a prior reporting period.  On August 24, 2016, the Court entered an Order granting summary judgment in favor of the Receiver and against defendant Joel Blakeslee.[19]  On September 30, 2016, Judgment was entered for the Receivership Estate in the total amount of $32,589.95, which includes the $24,689.36 in false profits and $7,900.59 in prejudgment interest.[20]  The Receiver is evaluating the best means of collecting this Judgment.

4.     <u>Kleen Water Power, LLC</u>.[21]  On September 1, 2016, the Receiver filed a *Notice of Voluntary Dismissal*[22] of this action because he learned from the holder of an allowed Proof of Claim that monies that National Note had paid to defendant Kleen Water Power, LLC actually should have been credited to the claim holder.  The holder of the allowed Proof of Claim agreed to withdraw his Proof of Claim because, as a result of this credit, it was determined that he

---

[17] Civ. No. 2:13CV504 (D. Utah) (Nuffer, C.J.).

[18] Civ. No. 2:13CV405 (D. Utah) (Campbell, J.).

[19] *Id.*, Docket No. 25.

[20] *Id.*, Docket No. 29.

[21] *Klein v. Kleen Water Power, LLC*, Civil No. 2:13CV0550 (D. Utah) (Waddoups, J.).

[22] *Id.*, Docket No. 25.

no longer had an allowable claim against the Receivership Estate.

**B.**     **Appeal: Michelle Turpin & Associates, P.C., and Michelle Turpin, P.C.**  On May 31, 2016, the Court entered an Order granting summary judgment and entered Judgment in the amount of $78,135.37 in favor of the Receiver and against the defendant law firms.[23] The law firms have filed a *Notice of Appeal*, appealing the Order and Judgment to the United States Court of Appeals for the Tenth Circuit.

**VI.**

**CLAIMS PROCESS**

The claims process began on September 1, 2015, when the Court entered an *Order Granting Receiver's Amended Motion Seeking Approval of Proposed Claim Procedures and Accompanying Forms and Setting Bar Date.*[24] The *Receiver's Initial Claims Report* was filed March 4, 2016.[25]  The following summarizes recent developments in, and the status of, the claims process:

**A.**     **Resolution of Claim Objections**.  As of the beginning of the Reporting Period, the allowance of only ten disputed Proofs of Claim remained unresolved.  Four of the disputed Proofs of Claim were filed by ABI holders, and until a decision is made as to the validity of their ABIs, those Proofs of Claim will remain disputed.  Disputes as to the remaining six Proofs of Claim have been fully resolved.[26]

---

[23] *Id.*, Docket No. 46.

[24] Docket No. 999.

[25] Docket No. 1088.

[26] *See* Docket Nos. 1182, 1183, 1185.

B.     **Kiang Intervention**. On August 24, 2016, Danny and Barbara Kiang filed a

*Motion to Intervene*, seeking permission to submit a late Proof of Claim alleging they did not

receive notice of the claims process.[27] The Court granted this Motion, and the Kiangs filed a

*Motion to Approve Late-Filed Claim Forms and Memorandum in Support*, seeking to have their

late claim allowed.[28]   The issues raised in this Motion have been resolved, subject to Court

approval, by settlement, and the settlement is outlined in the *Status Report* discussed immediately

below.[29]

C.     **Proposed Distribution Plan and Interim Distribution**. On August 24, 2016, the

Receiver filed his *Motion for Approval of (1) Proposed Distribution Methodology and Plan of*

*Distribution, and (2) Proposed Initial Distribution, and Memorandum in Support* (the

"Distribution Motion"),[30]  primarily seeking approval of a proposed distribution plan and an initial

distribution in the total amount of $4,500,000.00 to holders of Allowed Proofs of Claim.   The

Distribution Motion was served on all parties that could potentially be affected by the proposed

distribution plan.[31]   Out of the total 439 Proofs of Claim affected, only three responses to the

Distribution Motion were filed.[32]   These responses are outlined in a *Status Report* on the

---

[27] Docket No. 1197.

[28] Docket No. 1203.

[29] *See* Docket No. 1211 (Status Report at pp. 6-7).

[30] Docket No. 1196.

[31] *See* Docket Nos. 1208 & (Certificate of Service) 1212 (Amended Certificate of Service).

[32] *See* Docket Nos. 1205-1207.

Distribution Motion that was filed by the Receiver on September 30, 2016.[33] As set forth in the Status Report, concerns raised in two of the responses have been resolved, and only one response remains unresolved. The Receiver has increased the interim distribution proposed in the Distribution Motion to $4,526,507.28 to account for the additional Allowed Claim amounts set forth in the Status Report that resolve, among other things, the issues raised by two of the respondents to the Distribution Motion.[34] The sole unresolved response to the Distribution Motion raises an objection to the hybrid distribution methodology proposed by the Receiver. A hearing on that response is currently scheduled for November 2, 2016 at 10:00 a.m.[35]

## VII.

### FINANCIAL ANALYSIS

A.    **Receivership Financial Information**. The following financial information is provided for the Reporting Period:

1.    Bank Accounts. The Receiver maintains two bank accounts for the operation of the Receivership Estate: a general operating account (the "Operating Account") and an account holding the net proceeds of real estate sales to which disputed interests have attached (the "Real Estate Account").[36] The balances in these accounts as of the close of the Reporting Period are as follows:

---

[33] Docket No. 1211.

[34] *See id.* (Status Report).

[35] *See* Docket No. 1214 (Notice of Hearing).

[36] Pursuant to the Court's *Order Approving the Receiver's Third Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from July 1, 2013 through December*

| Account | Account Balance |
|---|---|
| Operating Account | $5,565,069.35 |
| Real Estate Account | $961,353.21 |
| **TOTAL** | **$6,526,422.56** |

2.    <u>Operating Account Deposits.</u> The sources of funds deposited into the

Operating Account during the Reporting Period are shown in the following table:

| Source | Amount In |
|---|---|
| Settlement agreement proceeds | $14,181.00 |
| Real estate sales proceeds | $469,025.54 |
| Other asset sales | $131.00 |
| Interest, bank adjustments | $786.42 |
| **TOTAL** | **$484,123.96** |

3.    <u>Operating Account Expenditures.</u> The following table shows the categories

of operating expenses that have been paid from the Operating Account during the Reporting

Period:

| Type of Expense | Amount Out |
|---|---|
| Real estate publication, appraisals | $774.03 |
| Tax preparation, postage | $1,535.13 |
| **TOTAL** | **$2,309.16** |

4.    <u>Real Estate Account Deposits and Withdrawals.</u> The only transactions in

the Real Estate Account were temporary deposits of earnest money on property sales of the

Fairfield land and the Almond Heights lots, and accrued interest in the amount of $44.45.  The

earnest money on the Fairfield land sale was transferred to the Operating Account when that sale

closed.

---

*31, 2013,* Docket No. 828, the Receiver has established a separate Savings Account tied to the
Operating Account in which he is holding 20% of the professional fees incurred by him and his
counsel related to that fee application. Money to open this Savings Account was transferred from
the Operating Account. This Savings Account has a current balance of $122,894.73, and is in
addition to the amounts reported below.

5.      SFAR. Attached as **Exhibit B** is a copy of the Standardized Fund Accounting Report for the Reporting Period

6.      Administrative Expenses. On August 24, 2016, the Receiver filed the *Eighth Interim Fee Application for Receiver and Receiver's Professionals for Services Rendered from April 1, 2016 Through June 30, 2016.*[37]  A hearing on this Application is scheduled for November 2, 2016.  No payments have been made to the Receiver or his counsel during the Reporting Period.

For the current Reporting Period, the Receiver and his staff have spent a total of 145.8 hours on behalf of the Receivership Estate. Billable services provided by the Receiver during the Reporting Period total $24,565.00. Dorsey & Whitney LLP's total fees and expenses incurred during the Reporting Period are in the total amount of $48,101.92.[38]

## VIII.

## NEXT STEPS

At this time, the Receiver anticipates addressing the following priorities in the coming months:

---

[37] Docket No. 1194.

[38] A summary of fees and expenses that have been incurred on behalf of the Receivership Estate by the Receiver and the Receiver's legal counsel in prior Reporting Periods is set forth in each of the earlier Status Reports and the interim Fee Applications.

1.    <u>Initial Distribution</u>.  In the event that the Court grants the Distribution Motion, the Receiver anticipates making an initial distribution in the total amount of $4,526,507.28 to holders of Allowed Claims prior to the end of 2016.

2.    <u>Litigation and Appeal</u>.  The Receiver anticipates concluding all pending litigation matters discussed in Part V above.  As discussed in Part IV.A above, he may be required to commence litigation to resolve issues related to the Receivership Estate's interest in the Star Pointe Development, but he will attempt to resolve this issue informally before bringing any suit.

3.    <u>Collection of Judgments</u>. The Receiver anticipates continuing his efforts to collect on judgments that have been entered in favor of the Receivership Estate.

4.    <u>Property Sales</u>. The Receiver will continue his efforts to sell the remaining real estate held by the Receivership Estate.

## IX.

## <u>CONCLUSION</u>

Solid progress was made during the Reporting Period, particularly with the claims process and completion of avoidance litigation. The Receiver looks forward to approval of a distribution plan so the initial distribution can be made to holders of Allowed Proofs of Claim.

DATED this 21st day of October, 2016.


_____
WAYNE KLEIN, Receiver

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above **SEVENTEENTH STATUS**

**REPORT OF R. WAYNE KLEIN, RECEIVER** was filed with the Court on this 21st day of

October, 2016, and served via ECF on all parties who have requested notice in this case.  A copy

was also served on Wayne Palmer by U.S. Mail, postage prepaid at:

Wayne Palmer
8816 South 2240 West
West Jordan, UT 84088

/s/ Candy Long

16

# EXHIBIT A

## REAL PROPERTIES—STATUS

As of 9/30/16. Investigation Ongoing. All Information Subject to Change.

The numbers in the first column correspond with numbers of these properties as described in the Receiver's First Status Report.

### PROPERTIES CURRENTLY IN RECEIVERSHIP ESTATE

| Property Name | Location | Listing Price | Sales Price | Net Sale Proceeds | Status |
|---|---|---|---|---|---|
| 3 Elkhorn Ridge Estates-42 Building Lots | Malad, ID | Varies | | | Marketed for sale through broker; several lots sold (described below) |
| 4 Elkhorn Ridge-4 Undeveloped Parcels | Malad, ID | 250,000 | 240,000 | 226,369.05 | Sale approved [Docket No. 1173]. Sale closed 9/9/16 |
| 10 Deer Meadows | Duchesne Co., UT | 72,000 | | | Marketed for sale through broker; lien released in settlement |
| 20 Overland Trails | Eagle Mtn., UT | 340,000 | | | Appraisal obtained; being marketed. |
| 21 Cedar Fort Land (Fairfield)-85 Acres | Fairfield, UT | 255,000 | 213,925 | 242,656.49 | Sale approved [Docket No. 1186]. Sale closed 8/12/16 |
| 23 Expressway Business Park-Land | Spanish Fork, UT | 1,250,000 | 250,000 | | Motion for sale filed [Docket No. 1131]; Awaiting court review |
| 25 Almond Heights-2 Building Lots | Toquerville, UT | | | | |
| Lot #21 | | 10,450 | | | Property is being marketed through broker |
| Lot #22 | | 19,950 | | | Property is being marketed through broker |
| 29 Bear Grove Industrial Park-1 Lot | Byron, MN | 285,000 | | | Bond encumbrance; property is being marketed through broker |
| Block 1, Lot 4 | | | | | |

### PROPERTIES SOLD OR RELEASED

| Property Name | Location | Listing Price | Sales Price | Net Sale Proceeds | Status |
|---|---|---|---|---|---|
| 1 River Run/Riverbend Subdivision-Land | Middleton, ID | N.A. | N.A. | N.A. | No equity. Court approved release of property to lender [Dkt. No. 590] |
| 2 Single family home: 1st Avenue | Middleton, ID | 115,000 | 105,000 | 102,461.72 | Sale approved [Docket No. 734]. Sale closed 10/15/14 |
| 3 Single family home: Hawthorne Ave. | Middleton, ID | 80,000 | 76,000 | 69,569.48 | Sale approved [Docket No. 804]. Sale closed 11/17/14 |
| 3 Elkhorn Ridge Estates-47 Building Lots | Malad, ID | | | | Lots sold to date are: |
| Lot #1 | | 135,000 | 155,000 | 142,834.78 | Sale approved [Docket No. 419] Sale closed 8/29/13 |
| Lot #2 | | 35,000 | 31,500 | 27,725.00 | Sale approved [Docket No. 492] Sale closed 12/6/13 |
| Lot #4 | | 35,000 | 35,000 | 30,893.21 | Sale approved [Docket No. 231] Sale closed 4/26/13 |
| Lot #5 | | 80,000 | 80,000 | 71,803.14 | Sale approved [Docket No. 231] Sale closed 4/8/13 |
| Lot #48 | | 80,000 | 80,000 | 73,620.84 | Sale approved [Docket No. 231] Sale closed 4/9/13 |
| 5 Manhattan Grille Condominum | Manhattan, MT | 49,000 | 51,000 | 45,933.32 | Sale approved [Docket No. 300] Sale closed 6/5/13 |
| 6 Twin Pines Apartments | Brigham City, UT | N.A. | N.A. | 172,020.02 | Sale approved [Docket No. 736]. Sale closed 9/14/14 |
| 7 Ogden Office Building (49% ownership) | Ogden, UT | 699,000 | 600,000 | 241,836.07 | Sale approved via auction [Docket No. 1042]. Sale closed 1/6/16 |
| 8 Summit Park Lot | Summit Park, UT | 40,000 | 37,500 | 32,477.61 | Sale at auction approved [Docket No. 135] Sale closed 1/24/13 |
| 9 Bandana Cabin | Fruitland, UT | 260,000 | 260,000 | 226,374.07 | Sale at auction approved [Docket No. 341] Sale closed 10/24/13 |
| 11 Outpost/Indian Canyon | Duchesne Co., UT | N.A. | 148,222.56 | 134,068.12 | Sale approved [Docket No. 269] Sale closed 8/21/13 |
| 12 East Meadows Mobile Home Park | Vernal, UT | N.A. | 1,025,000 | 979,620.29 | Sale approved [Docket No. 292] Sale closed 7/29/13 |
| 13 Quail Hollow Apartments | Vernal, UT | N.A. | N.A. | N.A. | Determined not owned by Receivership Estate |
| 14 Residential Building Lots at 900 West | Salt Lake City, UT | N.A. | 70,000 | 65,295.00 | Sale approved [Docket No. 263] Sale closed 5/8/13 |
| 15 Cottonwood Road Property-4 acres | Salt Lake City, UT | N.A. | N.A. | N.A. | No equity; court approved release of property to lender [Dkt. No. 179] |
| 15 Cottonwood Road Property-1 acre | Salt Lake City, UT | N.A. | 291,000 | 279,189.07 | Sale at auction approved [Docket No. 495] Sale closed 11/8/13 |
| 16 National Note Office Building | West Jordan, UT | 285,000 | 285,000 | 55,903.09 | Sale approved [Docket No. 161] Sale closed 3/19/13 |
| 17 Palmer Residence | West Jordan, UT | N.A. | N.A. | N.A. | No equity. Court approved abandonment of property [Dkt. No. 869] |
| 18 Star Pointe Development | Salt Lake City, UT | N.A. | N.A. | 70,000.00 | Court approved settlement agreement with lender [Docket No. 608] |
| 19 Autumn Ridge Subdivision-Phase I | Eagle Mtn., UT | | | | |
| Phase I-Lot #2 | | 37,000 | 39,900 | 35,635.21 | Sale approved [Docket No. 692]. Sale closed 7/8/14 |
| Phase I-Lot #3 | | 37,000 | 39,900 | 35,711.84 | Sale approved [Docket no. 644] Sale closed 5/1/14 |

| Description | Location | | | | Status |
|---|---|---|---|---|---|
| Phase I-Lot #4 | | 37,000 | 37,000 | 30,821.91 | Sale approved to builders [Docket No. 293] Sale closed 6/3/13 |
| Phase I-Lot #6 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #7 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #8 | | 37,000 | 37,000 | 31,554.15 | Sale approved to builders [Docket No. 293] Sale closed 5/31/13 |
| Phase I-Lot #11 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #16 | | 37,000 | 39,900 | 35,903.39 | Sale approved [Docket No. 696]. Sale closed 7/18/14 |
| Phase I-Lot #21 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #30 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #33 | | 37,000 | 37,000 | 30,775.92 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #39 | | 37,000 | 39,900 | 35,903.39 | Sale approved [Docket No. 696]. Sale closed 7/18/14 |
| Phase I-Lot #40 | | 37,000 | 37,000 | 30,911.96 | Sale approved to builders [Docket No. 293] Sale closed 9/25/13 |
| Phase I-Lot #41 | | 37,000 | 37,000 | 30,857.73 | Sale approved to builders [Docket No. 293] Sale closed 8/14/13 |
| Phase I-Lot #51 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #52 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #54 | | 37,000 | 37,000 | 31,554.16 | Sale approved to builders [Docket No. 293] Sale closed 5/31/13 |
| Phase I-Lot #55 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase I-Lot #60 | | 37,000 | 37,000 | 31,355.85 | Sale approved to builders [Docket No. 293] Sale closed 10/31/13 |
| Phase II-62 Building Lots | | N.A. | 538,000 | 446,610.24 | Sale approved [Docket No. 460] Sale closed 10/1/13 |
| 21 Cedar Fort Land (Fairfield)-8 acres | Fairfield, UT | 24,000 | 25,000 | 22,274.21 | Sale at auction approved [Docket No. 458] Sale closed 11/14/13 |
| 22 Expressway Business Park | Spanish Fork, UT | | | | |
| Unit #109 | | N.A. | N.A. | N.A. | No equity; Court approved release to lender [Docket No. 241] |
| Unit #305 | | 65,000 | 69,000 | 55,840.79 | Court approved sale at auction [Docket No. 270] Sale closed 6/27/13 |
| Unit #204 | | N.A. | N.A. | N.A. | No equity; Court approved release to lender [Docket No. 364] |
| Unit #215 | | N.A. | 127,500 | 112,965.27 | Sale approved at auction [Docket No. 391] Sale closed 10/30/13 |
| 24 Gooseberry Cabin | Fairview, UT | 842,000 | N.A. | N.A. | No equity; Court approved release to lender [Docket No. 125] |
| 25 Almond Heights-21 Building Lots | Toquerville, UT | | | | |
| Lot #A-2 | | 159,750 | 148,200 | 118,730.60 | Sale Approved [Docket No. 1099] Sale closed 3/22/16 |
| Lot #C-2 | | 34,200 | 30,780 | 24,136.91 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| Lot #F | | 32,300 | 31,000 | 24,733.41 | Sale approved [Docket No. 988] Sale closed 8/24/15 |
| Lot #F-3 | | 35,150 | 31,635 | 24,887.93 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| Lot #7 | | 38,000 | 32,000 | 29,388.95 | Sale approved [Docket No. 829]. Sale closed 12/18/14 |
| Lot #10 | | 38,950 | 36,000 | 30,552.54 | Sale approved [Docket No. 906]. Sale closed 3/31/15 |
| Lot #11 | | 37,050 | 32,000 | 6,788.12 | Sale approved [Docket No. 829]. Sale closed 12/16/14 |
| Lot #12 | | 38,000 | 32,000 | 6,787.90 | Sale approved [Docket No. 829]. Sale closed 12/16/14 |
| Lot #13 | | 37,050 | 32,000 | 6,787.75 | Sale approved [Docket No. 829]. Sale closed 12/16/14 |
| Lot #14 | | 35,150 | 31,635 | 6,525.25 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| Lot #15 | | 33,250 | 29,925 | 6,254.50 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| Lot #17 | | 30,400 | 24,000 | 21,752.44 | Sale approved [Docket No. 829]. Sale closed 12/11/14 |
| Lot #18 | | 30,400 | 27,360 | 23,562.06 | Sale Approved [Docket No. 1075] Sale closed 3/1/16 |
| Lot #19 | | 22,800 | 18,600 | -1,200.46 | Sale Approved [Docket No. 1068] Sale closed 1/25/16 |
| Lot #20 | | 22,800 | 18,600 | -1,526.81 | Sale Approved [Docket No. 1068] Sale closed 1/25/16 |
| Lot #23 | | 31,350 | 24,000 | 20,346.06 | Sale approved [Docket No. 998]. Sale closed 9/4/15 |
| Lot #24 | | 33,250 | 31,000 | 26,672.24 | Sale approved [Docket No. 998]. Sale closed 9/4/15 |
| Lot #25 | | 35,150 | 34,000 | 29,216.54 | Sale approved [Docket No. 998]. Sale closed 9/4/15 |
| Lot #26 | | 34,200 | 32,000 | 27,151.02 | Sale approved [Docket No. 951]. Sale closed 5/21/15 |
| 26 Kanab Home | Kanab, UT | 199,000 | 197,000 | 18,162.90 | Sale approved [Docket No. 746]. Sale closed 9/4/14 |
| 27 Farrell Business Park-12 Units | Gilbert, AZ | | | | |
| Unit 103 | | 76,631 | 101,631 | 83,997.05 | Court approved sale at auction [Docket No. 202] Sale closed 5/31/13 |

| Item | Location | | | | Description |
|---|---|---|---|---|---|
| Unit 104 | | 76,631 | 101,631 | 83,997.05 | Court approved sale at auction [Docket No. 202] Sale closed 5/31/13 |
| Unit 105 | | 80,000 | 92,000 | 70,392.98 | Court approved sale at auction [Docket No. 203] Sale closed 5/21/13 |
| Unit 106 | | 80,000 | 97,000 | 74,832.11 | Court approved sale at auction [Docket No. 204] Sale closed 6/7/13 |
| Unit 107 | | 80,000 | 90,000 | 67,699.81 | Court approved sale at auction [Docket No. 205] Sale closed 6/7/13 |
| Unit 109 | | 80,000 | 80,000 | 59,194.91 | Court approved sale at auction [Docket No. 206] Sale closed 5/16/13 |
| Unit 110 | | 80,000 | 80,000 | 59,194.91 | Court approved sale at auction [Docket No. 206] Sale closed 5/16/13 |
| Unit 111 | | 80,000 | 80,000 | 59,194.92 | Court approved sale at auction [Docket No. 206] Sale closed 5/16/13 |
| Unit 113 | | 80,000 | 107,000 | 85,094.45 | Court approved sale at auction [Docket No. 207] Sale closed 6/3/13 |
| Unit 114 | | 80,000 | 107,000 | 85,094.45 | Court approved sale at auction [Docket No. 207] Sale closed 6/3/13 |
| Unit 115 | | 80,000 | 80,000 | 59,288.00 | Court approved sale at auction [Docket No. 208] Sale closed 6/11/13 |
| Unit 116 | | 80,000 | 80,000 | 59,288.00 | Court approved sale at auction [Docket No. 208] Sale closed 6/11/13 |
| 28 Clearview Business Park-8 Units | Mesa, AZ | 415,954 | 737,000 | 591,295.43 | Court approved sale at auction [Docket No. 177] Sale closed 5/10/13 |
| 29 Bear Grove Industrial Park-8 Lots | Byron, MN | 1,675,200 | | | Property is listed for sale with broker; property encumbered by bond |
| Parcel #8516 | | 281,500 | 210,000 | 10,000.00 | Sale approved [Docket No. 853], Sale closed 3/27/15 |
| Parcel #8509 | | 156,700 | 149,000 | 98,795.03 | Sale approved [Docket No. 849], Sale closed 3/16/15 |
| Parcel #8512 | | 305,000 | 235,000 | 6,500.00 | Sale approved [Docket No. 854], Sale closed 3/6/15 |
| Parcel #6060 | | 340,000 | 235,000 | 10,000.00 | Sale approved [Docket No. 875], Sale closed 3/24/15 |
| Lot 3, Block 1 (Parcel #8510) | | 149,500 | 149,500 | 95,340.47 | Sale approved [Docket No. 989] Sale closed 9/30/15 |
| Block 2, Lots 4-5 | | 448,300 | 448,300 | 279,963.57 | Sale at auction approved [Docket No. 1084] Sale closed 3/31/16 |
| Block 2, Lot 1 | | 285,000 | 280,000 | 34,019.74 | Sale approved [Docket No. 1118], Sale closed June 15, 2016 |
| 30 Georgia Single Family Residence | Temple, GA | 135,000 | 125,000 | 106,843.83 | Sale approved [Docket No. 553] Sale closed 1/10/14 |
| 31 Chicago Single Family Residence | Chicago, IL | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| 32 Cleveland Single Family Residence | Cleveland, OH | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| 33 Cleveland Building Lot | Cleveland, OH | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| 34 Toledo Single Family Residence | Toledo, OH | N.A. | N.A. | N.A. | No value; Court approved abandonment [Docket No. 434] Order 9/10/13 |
| **Total** | | 9,630,616.00 | 9,343,118.92 | 6,600,884.25 | |

# EXHIBIT B

Wayne Klein, Receiver for National Note of Utah
PO Box 1836
Salt Lake City, UT 84110
801-824-9616

# STANDARDIZED FUND ACCOUNTING REPORT

## Civil – Receivership Fund

## Fund Name: SEC v. National Note of Utah
## Civil Court Docket No. 2:12-CV-00591 BSJ

Reporting Period 07/01/2016 to 09/30/2016

## Standardized Fund Accounting Report for National Note of Utah - Cash Basis

Receivership; Civil Court Docket No. 2:12-CV-00591 BSJ

Reporting Period 07/01/2016 to 09/30/2016

| Fund Accounting (See Instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 07/01/2016): | $6,166,850.54 | | |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | $0.00 | | |
| Line 3 | Cash and Securities | $0.00 | | |
| Line 4 | Interest/Dividend Income | $938.37 | | |
| Line 5 | Business Asset Liquidation | $469,525.54 | | |
| Line 6 | Personal Asset Liquidation | $131.00 | | |
| Line 7 | Third-Party Litigation Income | $14,181.00 | | |
| Line 8 | Miscellaneous - Other | $0.00 | | |
| | Total Funds Available (Lines 1 - 8) | | $6,651,626.45 | |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | $0.00 | | |
| Line 10 | Disbursements for Receivership Operations | | | |
| Line 10a | *Disbursements to Receiver or Other Professionals* | $0.00 | | |
| Line 10b | *Business Asset Expenses* | $2,309.16 | | |
| Line 10c | *Personal Asset Expenses* | $0.00 | | |
| Line 10d | *Investment Expenses* | $0.00 | | |
| Line 10e | *Third-Party Litigation Expenses* | | | |
| | 1. Attorney Fees | $0.00 | | |
| | 2. Litigation Expenses | $0.00 | | |
| | Total Third-Party Litigation Expenses | $0.00 | | |
| Line 10f | *Tax Administrator Fees and Bonds* | $0.00 | | |
| Line 10g | *Federal and State Tax Payments* | $0.00 | | |
| | Total Disbursements for Receivership Operations | $2,309.16 | | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | *Distribution Plan Development Expenses:* | | | |
| | 1. Fees: | $0.00 | | |
| | Fund Administrator | | | |
| | Independent Distribution Consultant (IDC) | | | |
| | Distribution Agent | | | |
| | Consultants | | | |
| | Legal Advisers | | | |
| | Tax Advisers | | | |
| | 2. Administrative Expenses | $0.00 | | |
| | 3. Miscellaneous | $0.00 | | |
| | Total Plan Development Expenses | $0.00 | | |
| Line 11b | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | $0.00 | | |
| | Fund Administrator | | | |
| | IDC | | | |

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | Distribution Agent | | | |
| | Consultants | | | |
| | Legal Advisers | | | |
| | Tax Advisers | | | |
| | 2. Administrative Expenses | $0.00 | | |
| | 3. Investor Identification: | $0.00 | | |
| |     Notice/Publishing Approved Plan | | | |
| |     Claimant Identification | | | |
| |     Claims Processing | | | |
| |     Web Site Maintenance/Call Center | | | |
| | 4. Fund Administrator Bond | $0.00 | | |
| | 5. Miscellaneous | $0.00 | | |
| | 6. Federal Account for Investor Restitution | $0.00 | | |
| | (FAIR) Reporting Expenses | $0.00 | | |
| | *Total Plan Implementation Expenses* | $0.00 | | |
| | **Total Disbursements for Distribution Expenses Paid by the Fund** | $0.00 | | |
| **Line 12** | **Disbursements to Court/Other:** | | | |
| *Line 12a* | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | $0.00 | | |
| *Line 12b* | *Federal Tax Payments* | $0.00 | | |
| | **Total Disbursements to Court/Other** | $0.00 | | |
| | **Total Funds Disbursed (Lines 9 - 12):** | | $2,309.16 | |
| **Line 13** | **Ending Balance (As of 09/30/2016):** | | | $6,649,317.29 |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| *Line 14a* | *Cash & Cash Equivalents* | $6,649,317.29 | | |
| *Line 14b* | *Investments* | $0.00 | | |
| *Line 14c* | *Other Assets or Uncleared Funds* | $0.00 | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $6,649,317.29 |
| | | | | |
| | | | | |
| **Other Supplemental Information:** | | **Detail** | **Subtotal** | **Grand Total** |
| | *Report of Items NOT To Be Paid by the Fund:* | | | |
| **Line 15** | **Disbursements for Plan Administration Expenses Not Paid by the Fund:** | | | |
| *Line 15a* | *Plan Development Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | $0.00 | | |
| |     Fund Administrator | | | |
| |     IDC | | | |
| |     Distribution Agent | | | |
| |     Consultants | | | |
| |     Legal Advisers | | | |
| |     Tax Advisers | | | |
| | 2. Administrative Expenses | $0.00 | | |
| | 3. Miscellaneous | $0.00 | | |
| | *Total Plan Development Expenses Not Paid by the Fund* | $0.00 | | |
| *Line 15b* | *Plan Implementation Expenses Not Paid by the* | | | |
| | 1. Fees: | $0.00 | | |

|  | Fund Administrator |  |  |  |
|  | IDC |  |  |  |
|  | Distribution Agent |  |  |  |
|  | Consultants |  |  |  |
|  | Legal Advisers |  |  |  |
|  | Tax Advisers |  |  |  |
|  | 2. Administrative Expenses | $0.00 |  |  |
|  | 3. Investor Identification: | $0.00 |  |  |
|  | Notice/Publishing Approved Plan |  |  |  |
|  | Claimant Identification |  |  |  |
|  | Claims Processing |  |  |  |
|  | Web Site Maintenance/Call Center |  |  |  |
|  | 4. Fund Administrator Bond | $0.00 |  |  |
|  | 5. Miscellaneous | $0.00 |  |  |
|  | 6. FAIR Reporting Expenses | $0.00 |  |  |
|  | *Total Plan Implementation Expenses Not Paid by the Fund* | $0.00 |  |  |
| Line 15c | *Tax Administrator Fees and Bonds Not Paid by the Fund* | $0.00 |  |  |
|  | **Total Distributions for Plan Administration Expenses Not Paid by the Fund** | $0.00 |  |  |
|  |  |  |  |  |
| **Line 16** | **Disbursements to Court/Other Not Paid by the Fund:** |  |  |  |
| Line 16a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | $0.00 |  |  |
| Line 16b | *Federal Tax Payments* | $0.00 |  |  |
|  | **Total Disbursements to Court/Other Paid by the Fund:** | $0.00 |  |  |
|  |  |  |  |  |
| **Line 17** | **DC & State Tax Payments** | $0.00 |  |  |
| **Line 18** | **No. of Claims:** |  |  |  |
| Line 18a | *# of Claims Received This Reporting Period* | 2 |  |  |
| Line 18b | *# of Claims Received Since Inception of Fund* | 469 |  |  |
| **Line 19** | **No. of Claimants/Investors:** |  |  |  |
| Line 19a | *# of Claimants/Investors Paid This Reporting Period* | 0 |  |  |
| Line 19b | *# of Claimants/Investors Paid Since Inception of* | 0 |  |  |

Receiver: Wayne Klein, Receiver for National Note of Utah,

By: *Wayne Klein*

(signature)

Wayne Klein

(printed name)

Receiver

(title)

Date: October 17, 2016

| NNU SFAR - 3rd Quarter 2016 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Line Breakdown | | | | | | | |
| | Line 2 | Line 4 | Line 5 | Line 6 | Line 7 | Line 8 | Total |
| Rent Received | $0.00 | | | | | | |
| Overpaid Investors | | | | | $14,181.00 | | |
| National Note | | | $469,525.54 | $131.00 | $0.00 | | |
| Real Estate Holding | | | $0.00 | | | | |
| Royalties Received | | | | | | $0.00 | |
| Interest | | $922.71 | | | | | |
| Refunds | | | | | | $0.00 | |
| Witness Fees | | | | | | $0.00 | |
| Advances by Receiver | | | | | | | |
| | $0.00 | $922.71 | $469,525.54 | $131.00 | $14,181.00 | $0.00 | $484,760.25 |
| | | | | | | | |
| | Line 10a | Line 10b | Line 10f | Line 10e-1 | Line 10e-2 | Line 11b-3 | Total |
| Receivership Expenses | $0.00 | $2,309.16 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Refund Deposit from Prior Period | | $0.00 | | | | | |
| Adjustment - NNU Account | | $0.00 | | | | | |
| | $0.00 | $2,309.16 | $0.00 | $0.00 | $0.00 | $0.00 | $2,309.16 |
| | | | | | | | |
| | Line 14a | | | | | | |
| National Note | $56,492.68 | | | | | | |
| Savings | $122,894.73 | | | | | | |
| High-Yield Operating | $5,508,576.67 | | | | | | |
| Real Estate Holding | $60,082.40 | | | | | | |
| High-Yield Real Estate | $901,270.81 | | | | | | |
| | $6,649,317.29 | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Created by James Shupe on 10/15/2016 | | | | | | | |