EXHIBIT A

*Prepared and Submitted By:*

Peggy Hunt (Utah State Bar No. 6060)
John J. Wiest (Utah State Bar No. 15767)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
Telephone: (801) 478-6900
huntp@gtlaw.com
wiestj@gtlaw.com

*Attorneys for Court-Appointed Receiver R. Wayne Klein*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>NATIONAL NOTE OF UTAH, LC, a Utah Limited Liability Company and WAYNE LaMAR PALMER, and individual,<br><br>Defendants. | ORDER GRANTING RECEIVER'S MOTION (1) TO APPROVE FINAL ACCOUNTING, FINAL FEE APPLICATIONS, AND CLOSING PROCEDURES AND (2) TO TERMINATE THE RECEIVERSHIP AND DISCHARGE THE RECEIVER, AND MEMORANDUM IN SUPPORT<br><br>Case No.: 2:12-cv-00591 BSJ<br><br>The Honorable Bruce S. Jenkins |

The matter before the Court is the *Motion (1) to Approve Final Accounting, Final Fee Applications, and Closing Procedures and (2) to Terminate the Receivership and Discharge the Receiver, and Memorandum in Support* (the "Motion") filed by R. Wayne Klein, the Court-appointed Receiver (the "Receiver"). The Securities and Exchange Commission has stated that it has no objection to the Motion, and no objections to the Motion have been filed.

The Motion contains the Receiver's Final Financial Report and Accounting (the "Final Accounting"); outlines the fees and out-of-pocket expenses incurred by the Receiver and his legal

counsel for the period of January 1, 2020 through September 17, 2020, which have not been submitted to the Court for approval (the "<u>2020 Fees and Expenses</u>"); requests final approval of the 2020 Fees and Expenses as well as all fees and expenses of the Receiver and his professionals previously approved by the Court; outlines closing procedure for the receivership, including those related to the destruction of documents ("<u>Closing Procedures</u>"); and requests and order terminating the receivership and discharging the Receiver.

The Court has reviewed the Motion, all Exhibits thereto, the record in this case, and applicable law. The Court finds that the Receiver's Final Accounting is appropriate and consistent with the record in this case; the 2020 Fee and Expenses are reasonable, necessary and have been beneficial to the receivership estate and should be allowed; all fees and expenses in this case that have been previously been allowed by the Court on an interim basis as being reasonable, necessary and beneficial to the receivership estate should be finally allowed; the Closing Procedures outlined in the Motion are reasonable and necessary to the final administration of the receivership estate; and the Receiver has shown good and adequate cause to terminate the receivership. Based thereon, and for good cause appearing,

**IT IS HEREBY ORDERED** that:

(1) The Motion is **GRANTED**;

(2) The Receiver's Final Accounting is **APPROVED**;

(3) The 2020 Fees and Expenses are **APPROVED**, and the Receiver is **AUTHORIZED** to pay the 2020 Fees and Expenses as outlined in the Motion;

(4) All fees and expenses previously allowed by the Court on interim basis are now **ALLOWED** on a final basis;

(5)     The Closing Procedures are **APPROVED**, and specifically:

a.     Record Destruction: Any interested party that wishes to take custody and control of non-privileged records currently in the possession of the Receiver, and who demonstrates a legitimate interest in the records and an intent to protect confidential information contained in those records, has thirty (30) days after the entry of this *Order* to make arrangements with the Receiver, at the interested party's own expense, to take control of the records. If no qualifying party asserts a valid claim to the records within thirty (30) days after the entry of this *Order*, the Receiver is **AUTHORIZED** to destroy the records;

b.     Limitation of Liability: The Receiver and his agents, acting within the scope of such agency including Retained Professionals as defined it the Receivership Order ("Retained Personnel"), are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them

3

except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties;

   c. <u>Litigation Stay</u>: The Litigation Stay previously included at Part VIII of the Receivership Order shall remain in place after entry of this *Order*;

   d. <u>Retention of Jurisdiction</u>: This Court retains jurisdiction over any action filed against the Receiver, his staff, and/or Retained Personnel based upon acts or omissions committed in their representative capacities; and

   e. <u>Closing Authorization</u>: The Receiver is allowed to take those ordinary actions that he deems advisable, in his discretion, in closing this matter, including filing interim and final tax returns for the receivership estate, destroying records of the receivership estate consistent with this *Order*, paying authorized expenses associated with the closing of the estate, paying any remainder funds to the Clerk of Court to supplement restitution payments owed by Wayne L. Palmer, and closing bank accounts of the receivership estate.

(6)   The receivership is **TERMINATED**; and

4

(7)     The Receiver is **DISCHARGED**.

DATED this ___ day of September, 2020.

**BY THE COURT:**

_____
The Honorable Bruce S. Jenkins
United States District Court

*ACTIVE 52657028v2*