FILED
2020 DEC 9 AM 9:39
CLERK
U.S. DISTRICT COURT

*Prepared and Submitted By:*

Peggy Hunt (Utah State Bar No. 6060)
John J. Wiest (Utah State Bar No. 15767)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT  84101
Telephone: (801) 478-6900
huntp@gtlaw.com
wiestj@gtlaw.com

*Attorneys for Court-Appointed Receiver R. Wayne Klein*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>NATIONAL NOTE OF UTAH, LC, a Utah Limited Liability Company and WAYNE LaMAR PALMER, and individual,<br><br>　　　　　　　Defendants. | **ORDER GRANTING RECEIVER'S MOTION (1) TO APPROVE FINAL ACCOUNTING, FINAL FEE APPLICATIONS, AND CLOSING PROCEDURES AND (2) TO TERMINATE THE RECEIVERSHIP AND DISCHARGE THE RECEIVER AS AMENDED**<br><br>Case No.: 2:12-cv-00591 BSJ<br><br>The Honorable Bruce S. Jenkins |

The matter before the Court is the *Motion (1) to Approve Final Accounting, Final Fee Applications, and Closing Procedures and (2) to Terminate the Receivership and Discharge the Receiver, and Memorandum in Support* [Docket No. 1481] (the "Motion") filed by R. Wayne Klein, the Court-appointed Receiver (the "Receiver").  The Securities and Exchange Commission has stated that it has no objection to the Motion, and no objections to the Motion have been filed.

The Motion contains the Receiver's Final Financial Report and Accounting (the "Final Accounting"); outlines the fees and out-of-pocket expenses incurred by the Receiver and his legal

counsel for the period of January 1, 2020 through September 17, 2020, which have not been submitted to the Court for approval (the "2020 Fees and Expenses"); requests final approval of the 2020 Fees and Expenses as well as all fees and expenses of the Receiver and his professionals previously approved by the Court; outlines closing procedure for the receivership, including those related to the destruction of documents ("Closing Procedures"); and requests and order terminating the receivership and discharging the Receiver.

A hearing on the Motion was held on October 14, 2020. Peggy Hunt, Greenberg Traurig, LLP appeared on behalf of the Receiver, and the Receiver was also present. Amy Oliver appeared on behalf of the Securities and Exchange Commission. At the hearing the Receiver informed the Court of two specific developments related to the final administration of this case: discovery of an insurance claim made by Defendant Wayne Palmer; and a criminal action commenced against Reed Larsen related to his selling of precious metals through Old Glory Mint styled as *State v. Larsen*, Case No. 151800507 (Utah 8th Dis. Ct) (the "Criminal Action"). Because of those representations, the Court continued the hearing on the Motion to December 14hunt, 2020. On December 3, 2020, the Receiver filed a *Status Report Relating to Motion to Close Receivership Estate* [Docket No. 1484], providing the Court an update as to the new developments and his continued administration of the Receivership Estate. As part of the Status Report the Receiver reported that if the Closing Procedures outlined in the Motion are amended to provide that the Receiver will retain records in this case until three months after the conclusion of the Criminal Action against Mr. Larsen, he believes the Receivership Estate is fully administered and the Motion, with that sole amendment, should be granted.

54056798

The Court has reviewed the Motion, all Exhibits thereto, the Status Report, the record in this case, and applicable law. The Court finds that the Receiver's Final Accounting is appropriate and consistent with the record in this case; the 2020 Fee and Expenses are reasonable, necessary and have been beneficial to the receivership estate and should be allowed; all fees and expenses in this case that have been previously been allowed by the Court on an interim basis as being reasonable, necessary and beneficial to the receivership estate should be finally allowed; the Closing Procedures outlined in the Motion and as amended in the Status Report are reasonable and necessary to the final administration of the receivership estate; and the Receiver has shown good and adequate cause to terminate the receivership. Based thereon, and for good cause appearing,

**IT IS HEREBY ORDERED** that:

(1) The Motion is **GRANTED**;

(2) The Receiver's Final Accounting is **APPROVED**;

(3) The 2020 Fees and Expenses are **APPROVED**, and the Receiver is **AUTHORIZED** to pay the 2020 Fees and Expenses as outlined in the Motion;

(4) All fees and expenses previously allowed by the Court on interim basis are now **ALLOWED** on a final basis;

(5) The Closing Procedures, as amended in the Status Report, are **APPROVED**, and specifically:

    a. <u>Record Destruction</u>: The Receiver will retain records in his possession until ninety (90) days after the conclusion of the Criminal Action. Any interested party that wishes to take custody and control of non-privileged records currently in the possession of the Receiver, and who demonstrates a legitimate interest in the records and

54056798

an intent to protect confidential information contained in those records, has thirty (30) days after the entry of this *Order* to inform the Receiver of its interest and make arrangements with the Receiver, at the interested party's own expense, to take control of the records ninety (90) days after the conclusion of the Criminal Action. If no qualifying party asserts a valid claim to the records within thirty (30) days after the entry of this *Order*, the Receiver is **AUTHORIZED** to destroy the records at the conclusion of the ninety- day period;

      b.      Limitation of Liability: The Receiver and his agents, acting within the scope of such agency including Retained Professionals as defined it the Receivership Order ("Retained Personnel"), are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties;

      c.      Litigation Stay: The Litigation Stay previously included at Part VIII of the Receivership Order shall remain in place after entry of this *Order*;

      d.      Retention of Jurisdiction: This Court retains jurisdiction over any action filed against the Receiver, his staff, and/or Retained Personnel based upon acts or omissions committed in their representative capacities; and

54056798

e. <u>Closing Authorization</u>: The Receiver is allowed to take those ordinary actions that he deems advisable, in his discretion, in closing this matter, including filing interim and final tax returns for the receivership estate, destroying records of the receivership estate consistent with this *Order*, paying authorized expenses associated with the closing of the estate, paying any remainder funds to the Clerk of Court to supplement restitution payments owed by Wayne L. Palmer, and closing bank accounts of the receivership estate.

(6) The receivership is **TERMINATED**;

(7) The Receiver is **DISCHARGED**; and

(8) The hearing scheduled for December 14, 2020 is **STRICKEN**.

DATED this 8th day of December, 2020.

**BY THE COURT:**

The Honorable Bruce S. Jenkins
United States District Court

54056798